districts and nine are split into two districts. The parties, intervenors, and *amici* differ in how they calculate municipal and precinct splits, and, as noted earlier, the Legislative Respondents suggest that updated data on precinct and municipal boundaries does not exist. The Remedial Plan is superior or comparable to all plans submitted by the parties, the intervenors, and *amici*, by whichever Census-provided definition one employs (Minor Civil Divisions, Cities, Boroughs, Townships, and Census Places)[11]. The compactness of the plan is superior or comparable to the other submissions, according to the Reock, Schwartzberg, Polsby-Popper, Population Polygon, and Minimum Convex Polygon measures described in the Court's January 26 Order. Here, too, the parties, intervenors, and *amici* disagree on the precise ways to calculate these measures, and some failed to deliver compactness scores with their submissions. By whichever calculation methodology employed, the Remedial Plan is superior or comparable. Finally, no district has more than a one-person difference in population from any other district, and, therefore, the Remedial Plan achieves the constitutional guarantee of one person, one vote.

Accordingly, this 19th day of February, 2018, the Court orders as follows:

First, the Pennsylvania primary and general elections for seats in the United States House of Representatives commencing in the year 2018 shall be conducted in accordance with the Remedial Plan as described by the 2010 Census block equivalency (denominated the "Remedial Plan Census Block Equivalency Files") and ESRI shape files (denominated the "Remedial Plan Shape Files") uploaded to this Court's website at http://www.pacourts.us/news-and-statistics/cases-of-public-interest/league-of-women-

---

[11] The Remedial Plan follows, to the extent possible, the boundaries of wards in Philadelphia.

voters-et-al-v-the-commonwealth-of-pennsylvania-et-al-159-mm-2017, under the heading "Order Adopting Remedial Plan". The Remedial Plan, in its constituent parts, is hereby made part of this Order, and is hereby adopted as the division of this Commonwealth into eighteen congressional districts, unless and until the same shall be lawfully changed. For reference, images of the Remedial Plan are attached at Appendix A, and available in high resolution at the above website; and images of the 2011 Plan are attached at Appendix B, and available in high resolution at the above website. Also uploaded to the above website are computer generated reports describing the Remedial Plan, identifying (1) county/minor civil division/voting district splits, (2) census place and municipal splits, and (3) compactness scores.

Second, Executive Respondents and Respondent General Assembly, including its Legislative Data Processing Center ("LDPC"),[12] shall forthwith prepare textual language that describes the Remedial Plan[13] and submit the same to the Secretary of the Commonwealth without delay. The Secretary of the Commonwealth shall thereafter file with this Court's Prothonotary a certification of compliance of the preparation of the textual description of the Remedial Plan, along with a copy of the textual description.

Third, Respondent Secretary of the Commonwealth shall, without delay, following the preparation of the textual description of the Remedial Plan, publish notice of the Congressional Districts in the Pennsylvania Bulletin.

---

[12] The LDPC was established under the Act of Dec. 10, 1968, P.L. 1158, No. 365, and routinely provides technical services relating to congressional and legislative redistricting.

[13] The textual descriptions should be expressed in a form consistent with the text found in Section 301 of the Congressional Redistricting Act of 2011, 25 P.S. § 3596.301; Section 301 of the Congressional Redistricting Act of 2002, 25 P.S. § 3595.301 (superseded); and Appendix A to the Order entered by this Court in *Mellow v. Mitchell*, 607 A.2d 204, 237-43 (Pa. 1992).

Fourth, to provide for an orderly election process, the schedule for the primary election to be held May 15, 2018 for the election of Representatives to the United States Congress shall be implemented by the Secretary of the Commonwealth and all election officers within the Commonwealth in accordance with the Revised Election Calendar as proposed by the Secretary of the Commonwealth and Commissioner of the Bureau of Commissions, Elections and Legislation,[14] which Calendar is hereby approved, and is attached to this Order as Appendix C.

Fifth, should there be any congressional vacancies existing now or occurring after the entry of this Order, but prior to the commencement of the terms of the members to be elected in the General Election of 2018, they shall be filled for the remainder of the unexpired terms from the districts formerly prescribed in the Congressional Redistricting Act of 2011, 25 P.S. § 3596.301.

Sixth, the Secretary of the Commonwealth is directed to notify this Court by 4:00 p.m. on Tuesday, February 20, 2018, should it foresee any technical issues concerning the implementation of the Remedial Plan.

So Ordered.

Jurisdiction retained.


Chief Justice Saylor and Justices Baer and Mundy file dissenting opinions.

---

[14] The Application of Respondents Acting Secretary Robert Torres and Commissioner Jonathan Marks for Approval of Election Calendar Adjustments is hereby granted.

# APPENDIX A

## The Remedial Plan



# APPENDIX A

## The Remedial Plan

### District 1



# APPENDIX A

## The Remedial Plan

## District 2



# APPENDIX A

## The Remedial Plan
## District 3



# APPENDIX A

## The Remedial Plan

## District 4



# APPENDIX A

## The Remedial Plan

## District 5



# APPENDIX A

## The Remedial Plan

## District 6



# APPENDIX A

## The Remedial Plan

### District 7



# APPENDIX A

## The Remedial Plan

## District 8



# APPENDIX A

## The Remedial Plan

## District 9



# APPENDIX A

**The Remedial Plan**

**District 10**



# APPENDIX A

## The Remedial Plan

## District 11



# APPENDIX A

## The Remedial Plan

## District 12



# APPENDIX A

## The Remedial Plan

## District 13



# APPENDIX A

## The Remedial Plan

## District 14



# APPENDIX A

## The Remedial Plan

## District 15



# APPENDIX A

## The Remedial Plan

## District 16



# APPENDIX A

## The Remedial Plan

## District 17



# APPENDIX A

## The Remedial Plan

## District 18



# APPENDIX B

## The Congressional Redistricting Act of 2011



# APPENDIX B

## The Congressional Redistricting Act of 2011

### District 1



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 2



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 3



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 4



# APPENDIX B

## The Congressional Redistricting Act of 2011

### District 5



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 6



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 7



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 8



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 9



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 10



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 11



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 12



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 13



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 14



# APPENDIX B

## The Congressional Redistricting Act of 2011

### District 15



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 16



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 17



# APPENDIX B

## The Congressional Redistricting Act of 2011

## District 18



# APPENDIX C

**REVISED ELECTION CALENDAR FOR**
**OFFICE OF REPRESENTATIVE IN CONGRESS**
**2018 GENERAL PRIMARY ELECTION**

First day to circulate and file nomination petitions............................................February 27

First day to circulate and file nomination papers...................................................March 7

Last day to circulate and file nomination petitions................................................March 20

Day for casting of lots in the office of the Secretary of the
Commonwealth for position of names on the primary ballot ..............................March 22

Date by which the Secretary of the Commonwealth must
transmit to the County Boards of Elections a list of candidates
who filed nomination petitions with him and who are not known
to have withdrawn or been disqualified ............................................................. March 26

Date by which County Boards of Elections must begin to transmit absentee
ballots and balloting materials to military-overseas voters in extremely
remote or isolated areas who by this date submitted a valid application............ March 26

Last day for withdrawal by candidates who filed nomination petitions ...............March 27

Last day to file objections to nomination petitions................................................March 27

Date by which County Boards of Elections must transmit absentee
ballots and balloting materials to all military-overseas voters who
by this date submitted a valid application............................................................ March 30

Last day that may be fixed by the Commonwealth Court for
hearings on objections that have been filed to nomination petitions.................  March 30

Last day for the Commonwealth Court to render decisions in
cases involving objections to nomination petitions.................................................  April 4

Last day to apply for a civilian absentee ballot.........................................................May 8

Last day for County Boards of Elections to receive voted
civilian absentee ballots ..........................................................................................May 11

**GENERAL PRIMARY** ........................................................................... **May 15**

Last day for County Boards of Elections to receive voted
military-overseas absentee ballots ..........................................................................May 22

# EXHIBIT K

LEAGUE OF WOMEN VOTERS OF : No. 159 MM 2017
PENNSYLVANIA, CARMEN FEBO SAN :
MIGUEL, JAMES SOLOMON, JOHN :
GREINER, JOHN CAPOWSKI, :
GRETCHEN BRANDT, THOMAS :
RENTSCHLER, MARY ELIZABETH :
LAWN, LISA ISAACS, DON LANCASTER, :
JORDI COMAS, ROBERT SMITH, :
WILLIAM MARX, RICHARD MANTELL, :
PRISCILLA MCNULTY, THOMAS :
ULRICH, ROBERT MCKINSTRY, MARK :
LICHTY, LORRAINE PETROSKY , :
:
:
Petitioners :
:
:
v. :
:
THE COMMONWEALTH OF :
PENNSYLVANIA; THE PENNSYLVANIA :
GENERAL ASSEMBLY; THOMAS W. :
WOLF, IN HIS CAPACITY AS :
GOVERNOR OF PENNSYLVANIA; :
MICHAEL J. STACK III, IN HIS CAPACITY :
AS LIEUTENANT GOVERNOR OF :
PENNSYLVANIA AND PRESIDENT OF :
THE PENNSYLVANIA SENATE; :
MICHAEL C. TURZAI, IN HIS CAPACITY :
AS SPEAKER OF THE PENNSYLVANIA :
HOUSE OF REPRESENTATIVES; :
JOSEPH B. SCARNATI III, IN HIS :
CAPACITY AS PENNSYLVANIA SENATE :
PRESIDENT PRO TEMPORE; ROBERT :
TORRES, IN HIS CAPACITY AS ACTING :
SECRETARY OF THE :
COMMONWEALTH OF PENNSYLVANIA; :
JONATHAN M. MARKS, IN HIS :
CAPACITY AS COMMISSIONER OF THE :
BUREAU OF COMMISSIONS, :
ELECTIONS, AND LEGISLATION OF :

THE PENNSYLVANIA DEPARTMENT OF       :
STATE,                               :
                                     :
            Respondents              :


### DISSENTING OPINION


**CHIEF JUSTICE SAYLOR**                    **Filed: February 19, 2018**


I incorporate my comments from my previous expressions in this case in support of my continuing disapproval of the extraordinary course of these proceedings. *See League of Women Voters of Pa. v. Commonwealth*, ___ Pa. ___, ___, ___ A.3d ___, ___, 2018 WL 750872, at *59-63 (Feb. 7, 2018) (Saylor, C.J., dissenting); *League of Women Voters of Pa. v. Commonwealth*, ___ Pa. ___, ___, 175 A.3d 282, 286-87 (Jan. 22, 2018) (*per curiam*) (Saylor, C.J., dissenting). The latest round includes: the submission, within the past few days, of more than a dozen sophisticated redistricting plans; the lack of an opportunity for critical evaluation by all of the parties; the adoption of a judicially created redistricting plan apparently upon advice from a political scientist who has not submitted a report as of record nor appeared as a witness in any court proceeding in this case; and the absence of an adversarial hearing to resolve factual controversies arising in the present remedial phase of this litigation. In these circumstances, the displacement to the judiciary of the political responsibility for redistricting -- which is assigned to the General Assembly by the United States Constitution -- appears to me to be unprecedented.

# EXHIBIT L

LEAGUE OF WOMEN VOTERS OF
PENNSYLVANIA, CARMEN FEBO SAN
MIGUEL, JAMES SOLOMON, JOHN
GREINER, JOHN CAPOWSKI,
GRETCHEN BRANDT, THOMAS
RENTSCHLER, MARY ELIZABETH
LAWN, LISA ISAACS, DON LANCASTER,
JORDI COMAS, ROBERT SMITH,
WILLIAM MARX, RICHARD MANTELL,
PRISCILLA MCNULTY, THOMAS
ULRICH, ROBERT MCKINSTRY, MARK
LICHTY, LORRAINE PETROSKY,

          Petitioners

          v.

THE COMMONWEALTH OF
PENNSYLVANIA; THE PENNSYLVANIA
GENERAL ASSEMBLY; THOMAS W.
WOLF, IN HIS CAPACITY AS
GOVERNOR OF PENNSYLVANIA;
MICHAEL J. STACK III, IN HIS CAPACITY
AS LIEUTENANT GOVERNOR OF
PENNSYLVANIA AND PRESIDENT OF
THE PENNSYLVANIA SENATE;
MICHAEL C. TURZAI, IN HIS CAPACITY
AS SPEAKER OF THE PENNSYLVANIA
HOUSE OF REPRESENTATIVES;
JOSEPH B. SCARNATI III, IN HIS
CAPACITY AS PENNSYLVANIA SENATE
PRESIDENT PRO TEMPORE; ROBERT
TORRES, IN HIS CAPACITY AS ACTING
SECRETARY OF THE
COMMONWEALTH OF PENNSYLVANIA;
JONATHAN M. MARKS, IN HIS
CAPACITY AS COMMISSIONER OF THE
BUREAU OF COMMISSIONS,
ELECTIONS, AND LEGISLATION OF

:  No. 159 MM 2017
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

THE PENNSYLVANIA DEPARTMENT OF     :
STATE,                                  :
                                         :
          Respondents        :

## DISSENTING OPINION

**JUSTICE MUNDY**                           **Filed: February 19, 2018**

        I dissent from the Opinion and Order adopting the Remedial Plan created by the Majority imposing new congressional districts for the 2018 election. In addition to the reasons set forth in my January 22, 2018 Dissenting Statement, and my February 7, 2018 Dissenting Opinion, which I incorporate herein, I have concerns regarding the constitutionality of the judicially created congressional districts adopted today. Despite the Majority's characterization that this Court "was compelled to decide whether to perpetuate an unconstitutional districting plan . . . or to rectify the violation of our Commonwealth's Constitution immediately," Majority Opinion and Order at 2, three members of this Court cautioned restraint in favor of ensuring the preservation of the legislative process, as set forth in the United States Constitution. U.S. CONST. art I, § 4, cl. 1. I cannot agree that the Legislature was afforded the time necessary to accomplish the immense task of redistricting in accordance with the criteria imposed by this Court. Based on the foregoing, I respectfully dissent.

# EXHIBIT M

LEAGUE OF WOMEN VOTERS OF
PENNSYLVANIA, CARMEN FEBO SAN
MIGUEL, JAMES SOLOMON, JOHN
GREINER, JOHN CAPOWSKI,
GRETCHEN BRANDT, THOMAS
RENTSCHLER, MARY ELIZABETH
LAWN, LISA ISAACS, DON LANCASTER,
JORDI COMAS, ROBERT SMITH,
WILLIAM MARX, RICHARD MANTELL,
PRISCILLA MCNULTY, THOMAS
ULRICH, ROBERT MCKINSTRY, MARK
LICHTY, LORRAINE PETROSKY,

            Petitioners

        v.

THE COMMONWEALTH OF
PENNSYLVANIA; THE PENNSYLVANIA
GENERAL ASSEMBLY; THOMAS W.
WOLF, IN HIS CAPACITY AS
GOVERNOR OF PENNSYLVANIA;
MICHAEL J. STACK III, IN HIS CAPACITY
AS LIEUTENANT GOVERNOR OF
PENNSYLVANIA AND PRESIDENT OF
THE PENNSYLVANIA SENATE; MICHAEL
C. TURZAI, IN HIS CAPACITY AS
SPEAKER OF THE PENNSYLVANIA
HOUSE OF REPRESENTATIVES;
JOSEPH B. SCARNATI III, IN HIS
CAPACITY AS PENNSYLVANIA SENATE
PRESIDENT PRO TEMPORE; ROBERT
TORRES, IN HIS CAPACITY AS ACTING
SECRETARY OF THE COMMONWEALTH
OF PENNSYLVANIA; JONATHAN M.
MARKS, IN HIS CAPACITY AS
COMMISSIONER OF THE BUREAU OF
COMMISSIONS, ELECTIONS, AND

:  No. 159 MM 2017

LEGISLATION OF THE PENNSYLVANIA     :
DEPARTMENT OF STATE,                 :
                                     :
          Respondents               :

**DISSENTING OPINION**

**JUSTICE BAER**                                    **Filed: February 19, 2018**

Throughout these proceedings, it has been my position that the Pennsylvania Congressional Redistricting Act of 2011 should apply to the impending 2018 election. While I have expressed my misgivings with allowing an election to proceed based upon a constitutionally-flawed map, I continue to conclude that the compressed schedule failed to provide a reasonable opportunity for the General Assembly to legislate a new map in compliance with the federal Constitution's delegation of redistricting authority to state legislatures.  U.S. CONST. art. I, § 4.

My skepticism regarding the time allotted the Legislature has been borne out. Democracy generally, and legislation specifically, entails elaborate and time-consuming processes.  Here, regardless of culpability, the Legislature has been unable to pass a remedial map to place on the Governor's desk for signature or veto.  Under these circumstances, Pennsylvania and federal law permit the use of the existing, albeit unconstitutional, map for one final election. *See Butcher v. Bloom*, 203 A.2d 556, 568-69 (Pa. 1964) (citing *Lucas v. Forty-Fourth General Assembly of State of Colorado*, 377 U.S. 713, 739 (1964)).

Accordingly, I cannot join this Court's order adopting a new judicially-created congressional redistricting map for this year's primary and general elections.  I emphasize that my inability to join the Court's order in no way reflects any opinion on the specific remedial map adopted.