**COMMONWEALTH OF PENNSYLVANIA**
GOVERNOR'S OFFICE OF GENERAL COUNSEL

February 23, 2018

**Via Hand Delivery**

Honorable Christopher C. Conner
U.S. District Court for the Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

    Re:    *Corman, et al., v. Torres, et al.,* No. 1:18-cv-00443-CCC

Dear Judge Conner:

    I write on behalf of Defendants, Robert Torres, in his official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and Jonathan M. Marks, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation. I write to give the court some potentially useful information regarding procedural matters and to suggest several procedural steps. I am aware that Your Honor's procedures discourage correspondence with the Court; however, given the drastic and immediate relief that Plaintiffs seek, and the serious impact that relief would have upon an upcoming election and litigation pending in other courts, including the United States Supreme Court, I believe it is extremely important to communicate with the Court as rapidly as possible.

**Procedural Background**

    Plaintiffs' Complaint asks this Court to reimpose the Pennsylvania Congressional Redistricting Act of 2011, 25 P.S. §§ 3596.101, *et seq.* (the "2011 Plan"). As the Court may be aware, three other lawsuits challenging the 2011 Plan are pending before other courts:

- *Agre, et al., v. Wolf, et al.,* was filed in the Eastern District of Pennsylvania as Case No. 17-4392, and tried before a three-judge panel consisting of Third Circuit Chief Judge D. Brooks Smith, Third Circuit Judge Patty Shwartz, and Eastern District of Pennsylvania Judge Michael Baylson. This case is on appeal to the United States Supreme Court.

- *Diamond, et al., v. Torres, et al.*, No. 5:17-cv-05054-MMB, is pending in the Eastern District of Pennsylvania before a three-judge panel consisting of Third Circuit Judge Kent Jordan, Eastern District of Pennsylvania Judge Michael Baylson, and Middle District of Pennsylvania Judge Yvette Kane. This case is currently stayed.

- *League of Women Voters, et al., v. Commonwealth of Pennsylvania, et al.*, No. 159 MM 2017, is pending before the Supreme Court of Pennsylvania. This is the case described in Plaintiffs' Complaint. Two days ago, on February 21, 2018, certain legislator-respondents in that case filed an Emergency Application for Stay with the United States Supreme Court. A copy of that Application, which makes Elections Clause arguments identical to those made here and requests relief identical to that sought in Plaintiffs' Motion for Temporary Restraining Order, has been filed with the Court as Exhibit G to the Brief in Support of Motion to Intervene as Defendants, Docket No. 7..[1]

**Procedural Requests**

First, a judge of this District, The Honorable Yvette Kane, is already sitting on a three-judge panel in the *Diamond* case, and is familiar with the 2011 Plan and the issues involved in this case. Defendants therefore request that the Court consider whether it would further judicial economy and efficiency to place this case before Judge Kane, pending appointment of a three-judge panel.

Second, Plaintiffs have appropriately requested a three-judge panel under 28 U.S.C. § 2284(a). Defendants join Plaintiffs in that request, and respectfully request that the Court defer any action until a three-judge panel has been appointed.

Third, the Application for Stay before the United States Supreme Court raises issues and arguments that are identical to those raised in this case. We believe that the U.S. Supreme Court is likely to address the Application swiftly, and that that Court's decision will have a significant, and perhaps dispositive, effect on Plaintiffs' claims. Accordingly, Defendants respectfully submit that this Court should defer any action on this lawsuit until the U.S. Supreme Court has disposed of the application for stay.

Finally, Plaintiffs' cause of action and Motion for a Temporary Restraining Order face significant hurdles, including without limitation Plaintiffs' lack of standing, estoppel, preclusion,

---

[1] This is the third Application for Stay that legislator-respondents have filed with the U.S. Supreme Court in the *League of Women Voters* case. Justice Alito denied the first two applications on February 5, 2018, without referring them to the full Court. *See Turzai v. League of Women Voters of Pa.*, No. 17A795 (U.S.); *McCann v. League of Women Voters of Pa.*, No. 17A802 (U.S.).

Honorable Christopher C. Conner
February 23, 2018
Page 3

*Rooker-Feldman* and other abstention doctrines, laches, inability to show irreparable harm, inability to show (or, indeed, even attempt to show) the requirements for issuance of a temporary restraining order by a single judge set forth in 28 U.S.C. § 2284(b)(3), and inability to succeed on the merits. Their Complaint is also rife with legal and factual errors, to which Defendants must respond. Accordingly, at such time as the Court deems it appropriate to address the question of whether Plaintiffs should receive temporary or other relief, Defendants request the opportunity to file a brief in opposition to their Motion and to be heard at argument.

    Thank you for your attention to this important matter.

                                    Respectfully,

                                    Thomas P. Howell
                                    Deputy General Counsel

Enclosure

cc:   All counsel of record (by email)