# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACOB CORMAN, in his official
capacity as Majority Leader of the
Pennsylvania Senate, MICHAEL
FOLMER, in his official capacity as
Chairman of the Pennsylvania Senate
State Government Committee, LOU
BARLETTA, RYAN COSTELLO,
MIKE KELLY, TOM MARINO,
SCOTT PERRY, KEITH ROTHFUS,
LLOYD SMUCKER, and GLENN
THOMPSON,

        Plaintiffs,

        v.

ROBERT TORRES, in his official
capacity as Acting Secretary of the
Commonwealth, and JONATHAN M.
MARKS, in his official capacity as
Commissioner of the Bureau of
Commissions, Elections, and
Legislation,

        Defendants,
    and

NATIONAL DEMOCRATIC
REDISTRICTING COMMITTEE,

        (Proposed)
        Intervenor-Defendant.

Civil Action No. 1:18-cv-00443-CCC

Chief Judge Conner

**NATIONAL DEMOCRATIC REDISTRICTING COMMITTEE'S
PROPOSED ANSWER IN INTERVENTION TO PLAINTIFFS' VERIFIED
COMPLAINT**

Proposed Intervenor-Defendant National Democratic Redistricting Committee ("NDRC") files its Answer to the Verified Complaint of Plaintiffs Jacob Corman, Michael Folmer, Lou Barletta, Ryan Costello, Mike Kelly, Tom Marino, Scott Perry, Keith Rothfus, Lloyd Smucker, and Glenn Thompson (collectively, "Plaintiffs"), and respectfully shows the Court the following:

Titles or headings contained in Plaintiffs' Verified Complaint are reproduced in this Answer for organizational purposes only, and Intervenor-Defendant does not admit any matter contained therein.

## I.    PRELIMINARY STATEMENT

1.    Intervenor-Defendant admits this is an action concerning, *inter alia*, the Pennsylvania Supreme Court's striking of a congressional districting plan and its issuance of a substitute plan. The remaining allegations are legal conclusions, which need not be admitted or denied, but to the extent they require admission or denial, they are denied.

2.    Intervenor-Defendant admits the allegations contained in this paragraph to the extent it states the text of the Elections Clause, as contained in U.S. Const. art. I, § 4, cl. 1. To the extent the excerpted portions differ from Article I's text, Intervenor-Defendant denies the allegations.

3.      Intervenor-Defendant denies the allegations contained in this paragraph.

4.      Intervenor-Defendant admits that the Pennsylvania Supreme Court struck down the Pennsylvania Congressional Redistricting Act of 2011, 25 P.S. §§ 3596.101, *et seq.* (the "2011 Plan") as unconstitutional based upon its violation of the Free and Equal Elections Clause of Constitution of the Pennsylvania Commonwealth, Pa. Const. art. I, § 5. Intervenor-Defendant denies the remaining allegations.

5.      Intervenor-Defendant denies the allegations contained in this paragraph.

6.      Intervenor-Defendant denies the allegations contained in this paragraph.

7.      Intervenor-Defendant denies that Plaintiffs are entitled to immediate injunctive relief. Intervenor-Defendant need not admit or deny the remaining allegations which contain legal argument or legal conclusions. To the extent the allegations must be admitted or denied, they are denied.

## II.     JURISDICTION AND VENUE

8.      No response is required to the allegations in this paragraph as they assert legal conclusions. To the extent the allegations must be admitted or denied,

they are denied. Intervenor-Defendant denies that Plaintiffs have asserted a federal question or that this Court has jurisdiction.

9.      No response is required to the allegations in this paragraph as they assert legal conclusions. To the extent the allegations must be admitted or denied, they are denied.

10.     No response is required to the allegations in this paragraph as they assert legal conclusions. To the extent the allegations must be admitted or denied, they are denied.

### III.   PARTIES

11.     Intervenor-Defendant admits that Plaintiff Jacob Corman is a member of the Pennsylvania Senate representing the 34th Senatorial District. Intervenor-Defendant admits the Pennsylvania General Assembly contains two chambers, the Senate and the House of Representatives, which is vested with the legislative power of the Commonwealth of Pennsylvania under Article II of the Constitution of the Pennsylvania Commonwealth, Pa. Const. art. II, § 1. Intervenor-Defendant denies the remaining allegations in this paragraph.

12.     Intervenor-Defendant admits that Plaintiff Michael Folmer is a member of the Pennsylvania Senate representing the 48th Senatorial District. Intervenor-Defendant admits that Plaintiff Folmer is Chair of the Senate State Government

Committee. Intervenor-Defendant denies the remaining allegations in this paragraph.

13.    Intervenor-Defendant admits that Plaintiff Lou Barletta is a member of the United States House of Representatives representing the 11th Congressional District. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

14.    Intervenor-Defendant admits that Plaintiff Ryan Costello is a member of the United States House of Representatives representing the 6th Congressional District. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

15.    Intervenor-Defendant admits that Plaintiff Mike Kelly is a member of the United States House of Representatives representing the 3rd Congressional District. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

16.    Intervenor-Defendant admits that Plaintiff Thomas "Tom" Marino is a member of the United States House of Representatives representing the 10th Congressional District. Intervenor-Defendant is without knowledge or information

sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

17.    Intervenor-Defendant admits that Plaintiff Scott Perry is a member of the United States House of Representatives representing the 4th Congressional District. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

18.    Intervenor-Defendant admits that Plaintiff Keith Rothfus is a member of the United States House of Representatives representing the 12th Congressional District. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

19.    Intervenor-Defendant admits that Plaintiff Lloyd Smucker is a member of the United States House of Representatives representing the 16th Congressional District. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

20.    Intervenor-Defendant admits that Plaintiff Glenn Thompson is a member of the United States House of Representatives representing the 5th Congressional District. Intervenor-Defendant is without knowledge or information

sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore denies the same.

21.    Intervenor-Defendant admits that Defendant Robert Torres is Acting Secretary of the Commonwealth, the chief administrative officer of the Pennsylvania Department of State.

22.    Intervenor-Defendant admits that the Secretary of the Commonwealth is charged with overseeing elections in the Commonwealth as embodied in Pennsylvania Election Code 25 P. S. § 2621.

23.    Intervenor-Defendant admits that Jonathon Marks is Commissioner of the Bureau of Commissions, Elections and Legislation (the "Bureau"). Intervenor-Defendant admits that the Bureau plans, coordinates, and develops statewide implementation of the Election Code. The remaining allegations in this paragraph are characterizations to which no response is required, but, to the extent a response is required, Intervenor-Defendant denies the remaining allegations.

## IV.    FACTUAL ALLEGATIONS

### A. The 2011 Plan and Challenge Thereto

24.    Intervenor-Defendant admits the 2011 Plan was signed into law on December 22, 2011, following decennial congressional reapportionment.

25.    Intervenor-Defendant admits the allegations contained in this paragraph.

26.     Intervenor-Defendant admits on June 15, 2017, a group of Pennsylvania voters ("Petitioners") brought an action in the Commonwealth Court of Pennsylvania to challenge the 2011 Plan on various state constitutional grounds as an unconstitutional partisan gerrymander.

27.     Intervenor-Defendant admits the allegations contained in this paragraph.

28.     Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

29.     Intervenor-Defendant admits the allegations contained in this paragraph to the extent the Petitioners alleged the 2011 Plan violated their rights to free expression and association under Article I, Sections 7 and 20 of the Constitution of the Commonwealth of Pennsylvania.

**B. The Supreme Court's Granting of Extraordinary Relief, And The Proceedings Before The Commonwealth Court**

30.     Intervenor-Defendant admits the allegations contained in this paragraph.

31.     Intervenor-Defendant admits the allegations contained in this paragraph.

32.     Intervenor-Defendant admits the allegations contained in this paragraph to the extent the Pennsylvania Supreme Court remanded the matter to the

Commonwealth Court with instructions to "conduct all necessary and appropriate discovery, pre-trial and trial proceedings so as to create an evidentiary record on which Petitioners' claims may be decided." Order at 2, *League of Women Voters, et. al. v. Commonwealth, et. al*, 159 MM 2017 (Nov. 9, 2017).

33. Intervenor-Defendant admits that on December 29, 2017, the Commonwealth Court issued Recommended Findings of Fact and Conclusions of Law ("Recommended Findings") and states that those Recommended Findings speak for themselves. To the extent the Plaintiffs' characterization of the Recommended Findings of Fact and Conclusions of Law differs from its text, Intervenor-Defendant denies the allegations.

34. Intervenor-Defendant admits the allegations contained in this paragraph.

### C. The Pennsylvania Supreme Court's January 22, 2018 Orders And Attendant Statements

35. Intervenor-Defendant admits the allegations contained in this paragraph.

36. Intervenor-Defendant admits the allegations contained in this paragraph.

37. Intervenor-Defendant admits the allegations contained in this paragraph.

38. Intervenor-Defendant admits the allegations contained in this paragraph.

39. Intervenor-Defendant admits the allegations contained in this paragraph.

40. Intervenor-Defendant admits that Chief Justice Saylor cited the Elections Clause in his Dissenting Opinion. To the extent the Plaintiffs' characterization of the Dissenting Opinion differs from its text, Intervenor-Defendant denies the allegations.

41. Intervenor-Defendant admits that the excerpted quote is from Chief Justice Saylor's Dissenting Opinion. To the extent the Plaintiffs' characterization of the excerpted quote differs from its text, Intervenor-Defendant denies the allegations.

42. Intervenor-Defendant admits that the excerpted quote is from Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' characterization of the excerpted quote differs from its text, Intervenor-Defendant denies the allegations.

43. Intervenor-Defendant admits that the excerpted quote is from Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' characterization of the excerpted quote differs from its text, Intervenor-Defendant denies the allegations.

44. Intervenor-Defendant admits that the excerpted quote is from Justice Baer's Concurring and Dissenting Statement. To the extent the Plaintiffs'

characterization of the excerpted quote differs from its text, Intervenor-Defendant denies the allegations.

45.     Intervenor-Defendant admits that the excerpted quote is from Justice Baer's Concurring and Dissenting Statement. To the extent the Plaintiffs' characterization of the excerpted quote differs from its text, Intervenor-Defendant denies the allegations.

46.     Intervenor-Defendant admits that the excerpted quote is from Justice Baer's Concurring and Dissenting Statement. To the extent the Plaintiffs' characterization of the excerpted quote differs from its text, Intervenor-Defendant denies the allegations. Intervenor-Defendant is also without knowledge or information sufficient to form a belief about the truth of the factual allegations in footnote 2 to this paragraph and therefore denies the same.

47.     Intervenor-Defendant denies the allegations contained in this paragraph to the extent it interprets Justice Baer's Concurring and Dissenting Statement. Justice Baer concurred in the Court's effort to "compress the process of correcting the map to conduct timely primary elections" and stated his intention to "cooperate with the Court as it pursues its admirable goal." Concurring and Dissenting Statement, *League of Women Voters, et. al. v. Commonwealth, et. al.*, 159 MM 2017 (Jan. 22, 2018).

## D. The Legislative Process In Pennsylvania

48.     Intervenor-Defendant denies the allegations contained in this paragraph.

49.     Intervenor-Defendant admits the allegations contained in this paragraph.

50.     Intervenor-Defendant admits the allegations contained in this paragraph to the extent they contain excerpts from Article III of the Pennsylvania Constitution. To the extent the excerpted portions differ from Article III's text, Intervenor-Defendant denies the allegations.

51.     The allegations in this paragraph attempt to interpret Article III, Section 9 of the Pennsylvania Constitution. To the extent Plaintiffs' interpretation differs from Article III's text, Intervenor-Defendant denies the allegations.

52.     The allegations in this paragraph attempt to interpret Article III, Section 9 of the Pennsylvania Constitution. To the extent Plaintiffs' interpretation differs from Article III's text, Intervenor-Defendant denies the allegations.

53.     The allegations in this paragraph attempt to interpret Article IV, Section 15 of the Pennsylvania Constitution. To the extent Plaintiffs' interpretation differs from Article IV's text, Intervenor-Defendant denies the allegations.

54.     Intervenor-Defendant denies the allegations contained in this paragraph.

## E. The General Assembly's Efforts To Comply With The Supreme Court's January 22, 2018 Order

55. Intervenor-Defendant admits the Legislative Respondents sought a stay of the Per Curiam Order of the Pennsylvania Supreme Court. Intervenor-Defendant denies the remaining allegations.

56. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

57. Intervenor-Defendant admits the allegations contained in this paragraph.

58. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegation concerning the introduction of Senate Bill 1034 and therefore denies the same. Intervenor-Defendant denies the remaining allegations in this paragraph.

59. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

60. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

61.     Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

62.     Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

63.     Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

64.     Intervenor-Defendant, upon information and belief, admits the allegations contained in this paragraph.

### F. The Pennsylvania Supreme Court's February 7, 2018 Opinions

65.     Intervenor-Defendant admits the allegations contained in this paragraph.

66.     Intervenor-Defendant admits the allegations contained in this paragraph.

67.     Intervenor-Defendant admits the allegations contain excerpts from the Pennsylvania Supreme Court's Majority Opinion. To the extent the excerpted portions, or Plaintiffs' interpretation of them, differ from the Majority Opinion's

text, Intervenor-Defendant denies the allegations. Intervenor-Defendant denies any remaining factual or legal allegations contained in this paragraph.

68.    Intervenor-Defendant admits the allegations contain excerpts from the Pennsylvania Supreme Court's Majority Opinion. To the extent the excerpted portions differ from the Per Curiam Opinion's text, Intervenor-Defendant denies the allegations.

69.    Intervenor-Defendant admits the allegations contain excerpts from the Pennsylvania Supreme Court's Majority Opinion. To the extent the excerpted portions differ from Majority Opinion's text, Intervenor-Defendant denies the allegations. Intervenor-Defendant denies the allegations contained in the First Sentence as it is without knowledge or information sufficient to form a belief about the truth of the factual allegations.

70.    The allegations in this paragraph attempt to interpret Chief Justice Saylor's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

71.    The allegations in this paragraph attempt to interpret Chief Justice Saylor's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

72.    The allegations in this paragraph and accompanying footnote 4 attempt to interpret Chief Justice Saylor's Dissenting Opinion. To the extent the Plaintiffs'

interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

73.     The allegations in this paragraph attempt to interpret Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

74.     The allegations in this paragraph attempt to interpret Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

75.     The allegations in this paragraph attempt to interpret Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

76.     The allegations in this paragraph attempt to interpret Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

77.     The allegations in this paragraph attempt to interpret Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

78.     The allegations in this paragraph attempt to interpret Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

79.     The allegations in this paragraph attempt to interpret Justice Mundy's Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

80.     The allegations in this paragraph attempt to interpret Justice Baer's Concurring and Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Concurring and Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

81.     The allegations in this paragraph attempt to interpret Justice Baer's Concurring and Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Concurring and Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

82.     The allegations in this paragraph attempt to interpret Justice Baer's Concurring and Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Concurring and Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

83.     The allegations in this paragraph attempt to interpret Justice Baer's Concurring and Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Concurring and Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

84.     The allegations in this paragraph attempt to interpret Justice Baer's Concurring and Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Concurring and Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

85.     The allegations in this paragraph attempt to interpret Justice Baer's Concurring and Dissenting Opinion. To the extent the Plaintiffs' interpretation differs from the Concurring and Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

### G. The Pennsylvania Supreme Court's February 19, 2018 Congressional Districting Plan

86.     Intervenor-Defendant admits the allegations contained in this paragraph.

87.     Intervenor-Defendant denies the allegations contained in this paragraph.

88.     Intervenor-Defendant denies the allegations contained in this paragraph.

89.     Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

90.     Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

91.     Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

92.     Intervenor-Defendant denies the allegations contained in this paragraph as they assert legal conclusions and statements of law.

## COUNT I
## Violation of the Elections Clause -- Usurpation of Legislative Authority

93.     Intervenor-Defendant incorporates its responses to the foregoing paragraphs as fully set forth herein.

94.     Intervenor-Defendant admits the allegations contain excerpts from the Elections Clause, Article I, Section 4 of the United States Constitution. To the extent the excerpted portions differ from Article I's text, Intervenor-Defendant denies the allegations.

95.     This paragraph asserts a legal conclusion; therefore, no response is required.

96.     This paragraph asserts a legal conclusion; therefore, no response is required.

97. This paragraph asserts a legal conclusion; therefore, no response is required.

98. This paragraph asserts a legal conclusion; therefore, no response is required. To the extent the allegations in this paragraph require a response, they are denied.

99. This paragraph asserts a legal conclusion; therefore, no response is required. To the extent the allegations in this paragraph require a response, they are denied.

100. Intervenor-Defendant is without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore denies the same.

101. This paragraph asserts a legal conclusion; therefore, no response is required. To the extent the allegations in this paragraph require a response, they are denied.

102. This paragraph asserts a legal conclusion; therefore, no response is required. To the extent the allegations in this paragraph require a response, they are denied.

103. Intervenor-Defendant denies the allegations contained in this paragraph.

## COUNT II
### Violation of the Elections Clause -- Failing to Afford the General Assembly an Adequate Opportunity to Enact a Remedial Plan

104.    Intervenor-Defendant incorporates its responses to the foregoing paragraphs as fully set forth herein.

105.    This paragraph asserts a legal conclusion; therefore, no response is required.

106.    This paragraph asserts a legal conclusion; therefore, no response is required.

107.    Intervenor-Defendant admits the allegations contained in this paragraph to the extent the Pennsylvania Supreme Court provided the General Assembly eighteen full days to draft a remedial redistricting plan and propose it to the Court. Intervenor-Defendant also admits the General Assembly did not request an extension of time to propose a remedial redistricting plan.

108.    Intervenor-Defendant denies the allegations contained in this paragraph. The Pennsylvania Supreme Court issued its Order on January 22, 2018, directing the parties to submit remedial redistricting plans and requiring "any congressional districting plan [to] consist of: congressional districts composed of compact and contiguous territory; as nearly equal in population as practicable; and which do not divide any county, city, incorporated town, borough, township, or ward, except where necessary to ensure equality of population." Order at 3, *League*

*of Women Voters of Pennsylvania, et. al. v. Commonwealth of Pennsylvania, et. al.*, No. 159 MM 2017 (Sup. Ct. PA Jan. 22, 2018).

109.  Intervenor-Defendant denies the allegations contained in this paragraph. The Pennsylvania Supreme Court issued its Order on January 22, 2018, directing the parties to submit remedial redistricting plans and requiring "any congressional districting plan [to] consist of: congressional districts composed of compact and contiguous territory; as nearly equal in population as practicable; and which do not divide any county, city, incorporated town, borough, township, or ward, except where necessary to ensure equality of population." Order at 3, *League of Women Voters of Pennsylvania, et. al. v. Commonwealth of Pennsylvania, et. al.*, No. 159 MM 2017 (Jan. 22, 2018).

110.  Intervenor-Defendant denies the allegations contained in this paragraph.

111.  Intervenor-Defendant denies the allegations contained in this paragraph.

112.  Intervenor-Defendant denies the allegations contained in this paragraph.

113.  Intervenor-Defendant denies the allegations contained in this paragraph.

114. Intervenor-Defendant denies the allegations contained in this paragraph.

115. Intervenor-Defendant admits the allegations contain excerpts from Justice Baer's Concurring and Dissenting Opinion. To the extent the excerpted portions differ from the Concurring and Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

116. Intervenor-Defendant admits the allegations contain excerpts from Justice Mundy's Dissenting Opinion. To the extent the excerpted portions differ from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

117. Intervenor-Defendant admits the allegations contain excerpts from Justice Saylor's Dissenting Opinion. To the extent the excerpted portions differ from the Dissenting Opinion's text, Intervenor-Defendant denies the allegations.

## PRAYER FOR RELIEF

Intervenor-Defendant denies that Plaintiffs are entitled to injunctive relief or any other relief they seek.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

## Second Affirmative Defense

Plaintiffs' claims fail because the Court lacks subject matter jurisdiction over Plaintiffs' lawsuit.

## Third Affirmative Defense

Plaintiffs' claims fail because the Court lacks jurisdiction to grant Plaintiffs the relief they seek.

Dated: February 23, 2018      By:   */s/ Kay Kyungsun Yu*
Kay Kyngsun Yu Attorney ID No. 83701
Ahmad Zaffarese LLC
One South Broad St, Suite 1810
Philadelphia, PA 19107
Phone: (215) 496-9373
Facsimile: (215) 496-9419
Email: kyu@azlawllc.com

Adam C. Bonin, PA Bar No. 80929
The Law Office of Adam C. Bonin
30 South 15th Street
15th Floor
Philadelphia, PA 19102
Phone: (267) 242-5014
Facsimile: (215) 701-2321
Email: adam@boninlaw.com

Marc Erik Elias (*pro hac vice-to be filed*)
Bruce V. Spiva (*pro hac vice-to be filed*)
Uzoma Nkwonta (*pro hac vice-to be filed*)
Brian Simmonds Marshall (*pro hac vice-to be filed*)
Aria C. Branch (*pro hac vice-to be filed*)
Amanda R. Callais (*pro hac vice-to be filed*)
Alex G. Tischenko (*pro hac vice-to be filed*)
Perkins Coie, LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
melias@perkinscoie.com
bspiva@perkinscoie.com
unkwonta@perkinscoie.com
bmarshall@perkinscoie.com
abranch@perkinscoie.com
acallais@perkinscoie.com
atischenko@perkinscoie.com

Caitlin Foley (*pro hac vice-to be filed*)
Perkins Coie, LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
cfoley@perkinscoie.com

***Attorneys for Proposed Intervenor-Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 23, 2018, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

Date: February 23, 2018

*/s/ Kay Kyungsun Yu*