# Exhibit H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACOB CORMAN, in his official capacity as Majority Leader of the Pennsylvania Senate, MICHAEL FOLMER, in his official capacity as Chairman of the Pennsylvania Senate State Government Committee, LOU BARLETTA, RYAN COSTELLO, MIKE KELLY, TOM MARINO, SCOTT PERRY, KEITH ROTHFUS, LLOYD SMUCKER, and GLENN THOMPSON,

                Plaintiffs,

    v.

ROBERT TORRES, in his official capacity as Acting Secretary of the Commonwealth, and JONATHAN M. MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation,

                Defendants,

     and

LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA; CARMEN FEBO SAN MIGUEL; JAMES SOLOMON; JOHN GREINER; JOHN CAPOWSKI; GRETCHEN BRANDT; THOMAS RENTSCHLER; MARY ELIZABETH LAWN; LISA ISAACS; DON LANCASTER; JORDI COMAS; ROBERT SMITH; WILLIAM MARX; RICHARD MANTELL; PRISCILLA MCNULTY; THOMAS ULRICH; ROBERT MCKINSTRY; MARK LICHTY; and LORRAINE PETROSKY,

          (Proposed) Intervenor-Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:18-cv-00443

Chief Judge Connor

ELECTRONICALLY FILED

## PROPOSED ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 24(c),[1] Proposed Intervenors the League of Women Voters of Pennsylvania, Carmen Febo San Miguel, James Solomon, John Greiner, John Capowski, Gretchen Brandt, Thomas Rentschler, Mary Elizabeth Lawn, Lisa Isaacs, Don Lancaster, Jordi Comas, Robert Smith, William Marx, Richard Mantell, Priscilla McNulty, Thomas Ulrich, Robert McKinstry, Mark Lichty, and Lorraine Petrosky (collectively, the "Proposed Defendant Intervenors") hereby answer the Complaint as follows:

1.      The averments contained in paragraph 1 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

2.      Paragraph 2 of the Complaint partially quotes certain language from Article I, § 4 of the U.S. Constitution.  Intervenors refer the Court to the full and complete language in Article I, § 4 of the U. S. Constitution and deny anything inconsistent therewith.

3.      The averments contained in paragraph 3 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

---

[1] Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Intervenors submit this proposed answer pursuant to Rule 24(c), but reserve the right to assert their defenses by motion pursuant to Rule 12.

4.	Paragraph 4 of the Complaint inaccurately characterizes the Pennsylvania Supreme Court's January 22 Order.  Intervenors refer the Court to the full and complete Order and deny anything inconsistent therewith.  The remaining averments of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

5.	The averments contained in paragraph 5 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

6.	The averments contained in paragraph 6 are conclusions of law, to which no response is required.  To the extent a response is deemed required Intervenors deny the allegations.

7.	The averments contained in the first sentence of paragraph 7 are a summary of relief sought by Plaintiffs, to which no response is required; to the extent a response is deemed required, Intervenors deny the averments and deny that Plaintiffs are entitled to any relief.  Intervenors deny the second sentence of paragraph 7.

8.	The averments contained in paragraph 8 are conclusions of law, to which no response is required.

9. The averments contained in paragraph 9 are conclusions of law, to which no response is required.

10. This averment references the Complaint and Plaintiffs request. Intervenors refer this Court to the full and complete Complaint and deny anything inconsistent therewith.

11. Intervenors admit that Plaintiff Jacob Corman is a member of the Pennsylvania Senate and is Senate Majority Leader. To the extent paragraph 11 includes conclusions of law, no response is required; to the extent a response is deemed required, Intervenors deny that Plaintiff Corman has authority to bring suit on behalf of either the Pennsylvania Senate or the Pennsylvania General Assembly. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of this paragraph; they are therefore denied.

12. Intervenors admit that Plaintiff Michael Folmer is a member of the Pennsylvania Senate and is Chairman of the Senate State Government Committee. To the extent paragraph 12 includes conclusions of law, no response is required; to the extent a response is deemed required, Intervenors deny that Plaintiff Folmer has authority to bring suit on behalf of either the Pennsylvania Senate or the Pennsylvania General Assembly. Intervenors are without knowledge or

information sufficient to form a belief as to the truth of the remaining averments or characterizations of this paragraph; they are therefore denied.

13.     Intervenors admit that Plaintiff Lou Barletta is a Pennsylvania Congressman serving in the U.S. House of Representatives.   Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of paragraph 13; they are therefore denied.

14.     Intervenors admit that Plaintiff Ryan Costello is a Pennsylvania Congressman serving in the U.S. House of Representatives. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of paragraph 14; they are therefore denied.

15.     Intervenors admit that Plaintiff Mike Kelly is a Pennsylvania Congressman serving in the U.S. House of Representatives.   Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of paragraph 15; they are therefore denied.

16.     Intervenors admit that Plaintiff Thomas Marino is a Pennsylvania Congressman serving in the U.S. House of Representatives.   Intervenors are without knowledge or information sufficient to form a belief as to the truth of the

remaining averments or characterizations of paragraph 16; they are therefore denied.

17.     Intervenors admit that Plaintiff Scott Perry is a Pennsylvania Congressman serving in the U.S. House of Representatives.   Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of paragraph 17; they are therefore denied.

18.     Intervenors admit that Plaintiff Keith Rothfus is a Pennsylvania Congressman serving in the U.S. House of Representatives.   Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of paragraph 18; they are therefore denied.

19.     Intervenors admit that Plaintiff Lloyd Smucker is a Pennsylvania Congressman serving in the U.S. House of Representatives.  Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of paragraph 19; they are therefore denied.

20.     Intervenors admit that Plaintiff Glenn Thompson is a Pennsylvania Congressman serving in the U.S. House of Representatives.   Intervenors are without knowledge or information sufficient to form a belief as to the truth of the

remaining averments or characterizations of paragraph 20; they are therefore denied.

21. Intervenors admit that Robert Torres is the Acting Secretary of the Commonwealth. The remaining averments characacterize the Complaint; Intervenors refer this Court to the full and complete Complaint and deny anything inconsistent therewith.

22. The averments contained in paragraph 22 are conclusions of law, to which no response is required.

23. Intervenors admit that Jonathan Marks is the Commissioner of the Bureau of Commissions, Elections and Legislation. The remaining averments characterize the Complaint; Intervenors refer this Court to the full and complete Complaint and deny anything inconsistent therewith.

24. Admitted based upon information and belief.

25. After reasonable investigation, Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining averments or characterizations of paragraph 25; they are therefore denied.

26. Admitted.

27. Admitted.

28. Intervenors lack sufficient information to form a belief as to the truth of the averments in Paragraph 28, and therefore deny the same.

29.     This averment references the Petition for Review filed in *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, No. 159 MM 2017 (Pa.).  Intervenors refer this Court to the full and complete Petition for Review filed in that case and deny anything inconsistent therewith.

30.     Intervenors admit that the Commonwealth Court stayed the case in October 2017 on a motion filed by Legislative Respondents.  The remaining averments and characterizations are denied.

31.     Admitted.

32.     This averment references the Pennsylvania Supreme Court's Order of November 9, 2017.  Intervenors refer this Court to the full and complete Order attached to the Complaint as Exhibit A, and deny anything inconsistent therewith.

33.     Intervenors admit that the Commonwealth Court conducted proceedings and submitted a report to the Pennsylvania Supreme Court on December 29, 2017.  Intervenors refer this Court to the full and complete report of the Commonwealth Court and deny anything inconsistent therewith.  The remaining averments and characterizations are denied.

34.     Admitted.  Answering further, Intervenors note that at the January 17 oral argument referenced in the Complaint, in response to a question from the Pennsylvania Supreme Court how long the Legislative Respondents would need to

draw a new map, counsel for the Legislative Respondents (who is counsel of record for the Plaintiffs) responded it could be done in "three weeks."

35.     This averment references the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete Order attached to the Complaint as Exhibit B, and deny anything inconsistent therewith.

36.     This averment references the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete Order attached to the Complaint as Exhibit B, and deny anything inconsistent therewith.  Answering further, Intervenors note that the time periods described in Paragraph 36 afforded the Legislative Respondents more time to prepare a map than they requested at the January 17 oral argument.

37.     This averment references the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete Order attached to the Complaint as Exhibit B, and deny anything inconsistent therewith.

38.     This averment references the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete Order attached to the Complaint as Exhibit B, and deny anything inconsistent therewith.

39.     This averment references the concurring and dissenting opinions accompanying the Pennsylvania Supreme Court's Order dated January 22, 2018.

Intervenors refer this Court to the full and complete dissents attached to the Complaint as Exhibits C, D, and E, and deny anything inconsistent therewith.

40.     This averment references Chief Justice Saylor's dissenting opinion accompanying the Pennsylvania Supreme Court's Order dated January 22, 2018. Intervenors refer this Court to the full and complete dissent attached to the Complaint as Exhibit C, and deny anything inconsistent therewith.

41.     This averment references Chief Justice Saylor's dissenting opinion accompanying the Pennsylvania Supreme Court's Order dated January 22, 2018. Intervenors refer this Court to the full and complete dissent attached to the Complaint as Exhibit C, and deny anything inconsistent therewith.

42.     This averment references Justice Mundy's dissenting opinion accompanying the Pennsylvania Supreme Court's Order dated January 22, 2018. Intervenors refer this Court to the full and complete dissent attached to the Complaint as Exhibit D, and deny anything inconsistent therewith.

43.     This averment references Justice Mundy's dissenting opinion accompanying the Pennsylvania Supreme Court's Order dated January 22, 2018. Intervenors refer this Court to the full and complete dissent attached to the Complaint as Exhibit D, and deny anything inconsistent therewith.

44.     This averment references Justice Baer's concurring and dissenting opinion accompanying the Pennsylvania Supreme Court's Order dated January 22,

2018.  Intervenors refer this Court to the full and complete concurrence and dissent attached to the Complaint as Exhibit E, and deny anything inconsistent therewith.

45.     This averment references Justice Baer's concurring and dissenting opinion accompanying the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete concurrence and dissent attached to the Complaint as Exhibit E, and deny anything inconsistent therewith.

46.     This averment references Justice Baer's concurring and dissenting opinion accompanying the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete concurrence and dissent attached to the Complaint as Exhibit E, and deny anything inconsistent therewith.

47.      This averment references the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete Order attached to the Complaint as Exhibits B, C, D & E, and deny anything inconsistent therewith.

48.     Denied.

49.     Paragraph 49 of the Complaint refers to Article II, § 1 of the Pennsylvania Constitution.  Intervenors refer the Court to the full and complete language in Article II, § 1 of the Pennsylvania Constitution and deny anything inconsistent therewith.

50.     Paragraph 50 of the Complaint quotes Article III, §§ 1, 2 & 4 of the Pennsylvania Constitution.  Intervenors refer the Court to the full and complete language in Article III, §§ 1, 2 & 4 of the Pennsylvania Constitution and deny anything inconsistent therewith.

51.     Paragraph 51 of the Complaint refers to Article III, § 9 of the Pennsylvania Constitution.  Intervenors refer the Court to the full and complete language in Article III, § 9 of the Pennsylvania Constitution and deny anything inconsistent therewith.

52.     Paragraph 52 of the Complaint refers to Article III, § 9 of the Pennsylvania Constitution.  Intervenors refer the Court to the full and complete language in Article III, § 9 of the Pennsylvania Constitution and deny anything inconsistent therewith.

53.     Paragraph 53 of the Complaint refers to Article IV, § 15 of the Pennsylvania Constitution.  Intervenors refer the Court to the full and complete language in Article IV, § 15 of the Pennsylvania Constitution and deny anything inconsistent therewith.

54.     The averments contained in paragraph 54 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

55.     Paragraph 55 of the Complaint characterizes the motion for stay that Legislative Respondents filed with the Pennsylvania Supreme Court.  Intervenors refer the Court to the full and complete request for a stay in that case and deny anything inconsistent therewith.

56.     Paragraph 56 of the Complaint characterizes the motion for stay that Legislative Respondents filed with the Pennsylvania Supreme Court.  Intervenors refer the Court to the full and complete request for a stay in that case and deny anything inconsistent therewith.

57.     Admitted.

58.     Intervenors admit that on January 29, 2018, Senate Bill 1034 ("SB 1034") was introduced.  Intervenors otherwise deny the allegations set forth in Paragraph 58.

59.     Paragraph 59 of the Complaint characterizes SB 1034.  Intervenors refer the Court to the full and complete bill and deny anything consistent therewith.

60.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments or characterizations of this paragraph; they are therefore denied.

61.     Intervenors admit, based upon information and belief, that on February 9, 2018, Legislative Respondents presented Governor Wolf with a new Congressional districting plan.  Intervenors are without knowledge or information

sufficient to form a belief as to the truth of the remaining averments or characterizations of this paragraph; they are therefore denied.

62.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments or characterizations of this paragraph; they are therefore denied.

63.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments or characterizations of this paragraph; they are therefore denied.

64.    Admitted.

65.    Paragraph 65 refers to the Pennsylvania Supreme Court's Opinion dated February 7, 2018.  Intervenors refer this Court to the full and complete Opinion attached to the Complaint as Exhibit F, and deny anything inconsistent therewith.

66.    Paragraph 66 refers to the Pennsylvania Supreme Court's Opinion dated February 7, 2018.  Intervenors refer this Court to the full and complete Opinion attached to the Complaint as Exhibit F, and deny anything inconsistent therewith.

67.    Paragraph 67 refers to the Pennsylvania Supreme Court's Opinion dated February 7, 2018.  Intervenors refer this Court to the full and complete

Opinion attached to the Complaint as Exhibit F, and deny anything inconsistent therewith.

68.     Paragraph 68 refers to the Pennsylvania Supreme Court's Opinion dated February 7, 2018.  Intervenors refer this Court to the full and complete Opinion attached to the Complaint as Exhibit F, and deny anything inconsistent therewith.

69.     Paragraph 69 refers to the Pennsylvania Supreme Court's Opinion dated February 7, 2018.  Intervenors refer this Court to the full and complete Opinion attached to the Complaint as Exhibit F, and deny anything inconsistent therewith.

70.     Paragraph 70 refers to Chief Justice Saylor's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit G, and deny anything inconsistent therewith.

71.     Paragraph 71 refers to Chief Justice Saylor's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit G, and deny anything inconsistent therewith.

72.     Paragraph 72 refers to Chief Justice Saylor's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit G, and deny anything inconsistent therewith.

73. Paragraph 73 refers to Chief Justice Saylor and Justice Mundy's Dissenting Opinions. Intervenors refer this Court to the full and complete Dissenting Opinions attached to the Complaint as Exhibits G & H, and deny anything inconsistent therewith.

74. Paragraph 74 refers to Justice Mundy's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit H, and deny anything inconsistent therewith.

75. Paragraph 75 refers to Justice Mundy's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit H, and deny anything inconsistent therewith.

76. Paragraph 76 refers to Justice Mundy's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit H, and deny anything inconsistent therewith.

77. Paragraph 77 refers to Justice Mundy's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit H, and deny anything inconsistent therewith.

78. Paragraph 78 refers to Justice Mundy's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit H, and deny anything inconsistent therewith.

79.     Paragraph 79 refers to Justice Mundy's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit H, and deny anything inconsistent therewith.

80.     Paragraph 80 refers to Justice Baer's Concurring and Dissenting Opinion.  Intervenors refer this Court to the full and complete Concurring and Dissenting Opinion attached to the Complaint as Exhibit I, and deny anything inconsistent therewith.

81.     Paragraph 81 refers to Justice Baer's Concurring and Dissenting Opinion.  Intervenors refer this Court to the full and complete Concurring and Dissenting Opinion attached to the Complaint as Exhibit I, and deny anything inconsistent therewith.

82.     Paragraph 82 refers to Justice Baer's Concurring and Dissenting Opinion.  Intervenors refer this Court to the full and complete Concurring and Dissenting Opinion attached to the Complaint as Exhibit I, and deny anything inconsistent therewith.

83.     Paragraph 83 refers to Justice Baer's Concurring and Dissenting Opinion.  Intervenors refer this Court to the full and complete Concurring and Dissenting Opinion attached to the Complaint as Exhibit I, and deny anything inconsistent therewith.

84.     Paragraph 84 refers to Justice Baer's Concurring and Dissenting Opinion.  Intervenors refer this Court to the full and complete Concurring and Dissenting Opinion attached to the Complaint as Exhibit I, and deny anything inconsistent therewith.

85.     Paragraph 85 refers to Justice Baer's Concurring and Dissenting Opinion.  Intervenors refer this Court to the full and complete Concurring and Dissenting Opinion attached to the Complaint as Exhibit I, and deny anything inconsistent therewith.

86.     Paragraph 86 refers to the Pennsylvania Supreme Court's February 19, 2018 Opinion and Order adopting a remedial plan.  Intervenors refer this Court to the full and complete Opinion and Order attached to the Complaint as Exhibit J, and deny anything inconsistent therewith.

87.     Denied.

88.     Denied.

89.     Paragraph 89 refers to a tweet sent by Nate Cohn.  Intervenors refer this Court to the full and complete tweet, and deny anything inconsistent therewith. Further answering, Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments or characterizations of this paragraph; they are therefore denied.

90.     Paragraph 90 refers to a tweet sent by Dave Wasserman.  Intervenors refer this Court to the full and complete tweet, and deny anything inconsistent therewith.  Further answering,  Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments or characterizations of this paragraph; they are therefore denied.

91.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments or characterizations of this paragraph; they are therefore denied.

92.     The averments contained in paragraph 92 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

## COUNT I
## Violation of the Elections Clause – Usurpation of Legislative Authority

93.     Intervenors incorporate the foregoing paragraphs as if fully set forth herein.

94.     Paragraph 94 of the Complaint quotes Article I, § 4 of the Constitution.  Intervenors refer the Court to the full and complete language in Article I, § 4 of the Constitution and deny anything inconsistent therewith.

95.     The averments contained in paragraph 95 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

96.    Admitted.

97.    The averments contained in paragraph 97 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

98.    The averments contained in paragraph 98 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

99.    The averments contained in paragraph 99 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

100.   The averments contained in paragraph 100 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

101.   The averments contained in paragraph 101 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

102.   The averments contained in paragraph 102 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

103.    The averments contained in paragraph 103 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

## COUNT II
## Violation of the Elections Clause – Failing to Afford the General Assembly an Adequate Opportunity to Enact a Remedial Plan

104.    Intervenors incorporate the foregoing paragraphs as if fully set forth herein.

105.    The averments contained in paragraph 105 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

106.    The averments contained in paragraph 106 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

107.    This averment references the Pennsylvania Supreme Court's Order dated January 22, 2018.  Intervenors refer this Court to the full and complete Order attached to the Complaint as Exhibit B, and deny anything inconsistent therewith.

108.    This averment references the Pennsylvania Supreme Court's Opinion dated February 7, 2018.  Intervenors refer this Court to the full and complete Opinion attached to the Complaint as Exhibit F, and deny anything inconsistent therewith.

109.  Denied.

110.  Denied.

111.  Denied.

112.   After reasonable investigation, Intervenors are without knowledge or information sufficient to form a belief as to the truth of the averments or characterizations of this paragraph; they are therefore denied.

113.  Denied.

114.  The averments contained in paragraph 114 are conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenors deny the allegations.

115.  Paragraph 115 refers to Justice Baer's Concurring and Dissenting Opinion.  Intervenors refer this Court to the full and complete Concurring and Dissenting Opinion attached to the Complaint as Exhibit M, and deny anything inconsistent therewith.

116.  Paragraph 116 refers to Justice Mundy's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit L, and deny anything inconsistent therewith.

117.  Paragraph 117 refers to Chief Justice Saylor's Dissenting Opinion. Intervenors refer this Court to the full and complete Dissenting Opinion attached to the Complaint as Exhibit K, and deny anything inconsistent therewith.

The remaining allegations of the Complaint constitute prayers for relief to which no response is required. To the extent a response is deemed required to any of the prayers for relief, Intervenors deny the allegations contained therein.

## PROPOSED INTERVENORS' AFFIRMATIVE DEFENSES

1.    The Court lacks subject-matter jurisdiction.

2.    Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

3.    Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, and judicial estoppel.

4.    The Court should abstain from hearing this matter.

5.    Plaintiffs' claims are barred by unclean hands and inequitable conduct.

6.    The Complaint fails to state a claim on which relief can be granted.

Dated: February 23, 2018            Respectfully Submitted,

/s/ Thomas B. Schmidt III
Thomas B. Schmidt III
PEPPER HAMILTON LLP
Telephone: +1 717.255.1164
Facsimile: +1 717.238.0575
Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, PA 17108

Mary M. McKenzie*
Michael Churchill*
Benjamin D. Geffen*
PUBLIC INTEREST LAW CENTER
1709 Benjamin Franklin Parkway
2nd Floor
Philadelphia, PA 19103
Telephone: +1 215.627.7100
Facsimile: +1 215.627.3183
mmckenzie@pubintlaw.org

David P. Gersch*
John A. Freedman*
R. Stanton Jones*
Elisabeth S. Theodore*
Daniel F. Jacobson*
John Robinson*
John Cella*
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
david.gersch@arnoldporter.com

Andrew D. Bergman*
ARNOLD & PORTER
   KAYE SCHOLER LLP
Suite 4000
700 Louisiana Street
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499
* Motion for admission *pro hac vice*
forthcoming

*Attorneys for Proposed Intervenors*