# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB CORMAN, in his official capacity as Majority Leader of the Pennsylvania Senate, MICHAEL FOLMER, in his official capacity as Chairman of the Pennsylvania Senate State Government Committee, LOU BARLETTA, RYAN COSTELLO, MIKE KELLY, TOM MARINO, SCOTT PERRY, KEITH ROTHFUS, LLOYD SMUCKER, and GLENN THOMPSON,<br><br>            Plaintiffs,<br><br>    v.<br><br>ROBERT TORRES, in his official capacity as Acting Secretary of the Commonwealth, and JONATHAN M. MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation,<br><br>            Defendants,<br>    and<br><br>LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA; CARMEN FEBO SAN MIGUEL; JAMES SOLOMON; JOHN GREINER; JOHN CAPOWSKI; GRETCHEN BRANDT; THOMAS RENTSCHLER; MARY ELIZABETH LAWN; LISA ISAACS; DON LANCASTER; JORDI COMAS; ROBERT SMITH; WILLIAM MARX; RICHARD MANTELL; PRISCILLA MCNULTY; THOMAS ULRICH; ROBERT MCKINSTRY; MARK LICHTY; and LORRAINE PETROSKY,<br><br>            (Proposed) Intervenor-Defendants. | Civil Action No. 1:18-cv-00443<br><br>Judge Jordan<br>Chief Judge Conner<br>Judge Simandle<br><br>ELECTRONICALLY FILED |

## PROPOSED INTERVENORS' REPLY BRIEF IN SUPPORT OF
## <u>MOTION TO INTERVENE AS DEFENDANTS</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I. Proposed Intervenors Are Entitled To Intervene as of Right ........................... 1

    A. Proposed Intervenors' Interest in this Action Is Overwhelming and the Requested Remedy Would Direct Impact Their Rights .................. 1

    B. Proposed Intervenors' Interests Are Not Adequately Represented ...... 2

II. Alternatively, the Court Should Grant Permissive Intervention ..................... 8

CONCLUSION ........................................................................................................ 8

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Farm Bureau Fed'n v. U.S. EPA*,
   278 F.R.D. 98 (M.D. Pa. 2011) ................................................................................8

*Ariz. State Legislature v. Ariz. Independent Redistricting Comm'n*,
   135 S. Ct. 2652 (2015)..............................................................................................4

*Branch v. Smith*,
   538 U.S. 254 (2003)..................................................................................................4

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976)..................................................................................................7

*Hoblock v. Albany Cty. Bd. of Elections*,
   422 F.3d 77 (2d Cir. 2005) .......................................................................................7

*Lance v. Coffman*,
   549 U.S. 437 (2007)..................................................................................................7

*Pennzoil Co. v. Texaco, Inc.*,
   481 U.S. 1 (1987)......................................................................................................7

*Raines v. Byrd*,
   521 U.S. 811 (1997)..................................................................................................7

**Statutes and Rules**

2 U.S.C.
   § 2a(c) ...................................................................................................................3, 4
   § 2a(c)(5)...................................................................................................................4

Fed. R. Civ. P. 24(a)(2) ...................................................................................................1

Fed. R. Civ. P. 24(b)(3)...................................................................................................8

Proposed Intervenors the League of Women Voters of Pennsylvania and 18 individual Pennsylvania voters, who were plaintiffs in the Pennsylvania state court action challenged here, respectfully submit this reply brief in support of their motion to intervene as defendants under Federal Rule of Civil Procedure 24.[1]

## I. Proposed Intervenors Are Entitled To Intervene as of Right

Plaintiffs do not dispute that Proposed Intervenors satisfy the first requirement for intervention as of right under Rule 24(a)(2): their motion to intervene was timely filed. Nor do Plaintiffs contend that intervention will cause any delay here. Instead, Plaintiffs remarkably contend that Proposed Intervenors lack a cognizable interest in this action, that the relief Plaintiffs request would not impact Proposed Intervenors, and that Proposed Intervenors' interests are adequately represented by the named defendants. Wrong on each score.

### A. Proposed Intervenors' Interest in this Action Is Overwhelming and the Requested Relief Would Directly Impact Their Rights

Plaintiffs' argument that Proposed Intervenors lack any "cognizable unique legal interest involved in this litigation" is wrong. ECF No. 31 at 8. Proposed Intervenors brought the underlying state court action and obtained a judgment and

---

[1] In a footnote, Plaintiffs point out that the League of Women Voters of Pennsylvania was dismissed from the state court action, ECF No. 31 at 8 n.8, but that dismissal was based on Pennsylvania law of organizational standing, which is far more restrictive than federal law of organizational standing. In any event, the 18 individual Pennsylvania voters who also seek to intervene as defendants here were named plaintiffs throughout the entirety of the state court action.

1

remedy from the state court. Now, Plaintiffs seek to undo all of that by means of this federal court collateral attack on the state court's judgment and remedy. Proposed Intervenors could not have a greater legal interest in this case.

Plaintiffs assert that "the relief sought in this action is distinct from the relief sought in the [state court] action, wherein [Proposed Intervenors] sought the invalidation of the 2011 Plan." *Id.* at 4. But that is a distinction without a difference, as Plaintiffs expressly ask this Court to grant injunctive relief *reinstituting* the very same 2011 Plan that the Pennsylvania Supreme Court struck down and enjoined for 2018 primary and general elections. Compl. ¶ 40 & Prayer for Relief No. 2, ECF No. 1. To grant the requested relief, this Court would need to *undo* the judgment and remedy Proposed Intervenors obtained in the state court action. Proposed Intervenors would be forced to vote in congressional elections under a districting plan that the state high court held violates their rights under the state constitution. By contrast, other Pennsylvanians did not bring the state court action—and some, like Plaintiffs, are adverse to protecting the state court's judgment and remedy.

### B. Proposed Intervenors' Interests Are Not Adequately Represented

Proposed Intervenors not only brought the state court action, they took the lead in litigating the action at all times. The state election officials named as defendants here did not bring the state court lawsuit, but instead were forced to

participate because they were sued. And although the election officials eventually expressed agreement with Proposed Intervenors' legal arguments to the state court, that came very late in the case. Proposed Intervenors have unique expertise and perspective in defending the state court's judgment and remedy, and the election officials cannot adequately represent Proposed Intervenors' interests.

At trial in the state court action, it was Proposed Intervenors who called the only witnesses about the subordination of traditional districting criteria, and who developed the legal arguments for this position. By way of example, while Plaintiffs attach to their intervention opposition the 13-page post-trial brief that the election officials filed in the Commonwealth Court, Proposed Intervenors on the same day filed a 179-page post-trial brief. *See* Ex. A. That brief meticulously detailed how the 2011 plan diluted Proposed Intervenors' voting power and violated their rights under the Pennsylvania Constitution.

Further, Proposed Intervenors and the election-official defendants here have diverging interests that may cause them to take different legal positions on key issues before this Court. Proposed Intervenors maintain that, were this Court to enjoin the state court's remedial plan, a federal statute would require at-large elections for all 18 of Pennsylvania's congressional seats in 2018. Under 2 U.S.C. § 2a(c), Congress "set[] forth congressional-redistricting procedures . . . if the State, 'after any apportionment,' ha[s] not redistricted 'in the manner provided by

state law.'" *Ariz. State Legislature v. Ariz. Independent Redistricting Comm'n*, 135 S. Ct. 2652, 2670 (2015). In particular, § 2a(c)(5) prescribes mandatory procedures where (i) a state lost a congressional seat from the prior decade's reapportionment (as occurred in Pennsylvania); (ii) the state does not have a congressional plan enacted "in the manner provided by [state] law"; and (iii) "there is no time for either the State's legislature or the courts to develop one." *Branch v. Smith*, 538 U.S. 254, 275 (2003) (plurality op.). In those circumstances, § 2a(c)(5) requires at-large elections for a state's entire congressional delegation. Thus, if this Court were to enjoin the state court's remedial plan (and it should not), then federal law would require at-large elections—not elections under a congressional plan enacted contrary to "the manner provided by [state] law." 2 U.S.C. § 2a(c).

By contrast, the election-official defendants, who are sued in their official capacities and whose interest is the administration of elections, may not have the same interest in presenting this argument. Indeed, in opposing the (first) stay application that Speaker Turzai and Senator Scarnati filed with the U.S. Supreme Court, Proposed Intervenors presented this argument but the election officials did not. Ex. B at 34-35. It is crucial that some party in this case advocate the position that this federal statute precludes the relief Plaintiffs seek—*i.e.*, a return to a congressional plan that violates state law—and thus the consequences if this Court enjoins the remedial plan.

In addition, Proposed Intervenors are uniquely situated to defend the state court's judgment and remedy against Plaintiffs' baseless attacks. Plaintiffs assert that they "do not as a general proposition challenge the Pennsylvania Supreme Court's ability to declare the 2011 Plan unconstitutional under Pennsylvania's constitution." ECF No. 31 at 3. Rather, their claim is that the state high court violated the Elections Clause by "apply[ing] criteria found nowhere within Pennsylvania's Constitution or statutory framework for Congressional districting." *Id.* at 4. If permitted to intervene, Proposed Intervenors will establish that foundational principles of federalism forbid federal courts from interceding to decide whether a state supreme court has properly or legitimately interpreted the state's own constitution. And key to this motion, it was Proposed Intervenors who emphasized in the state court proceedings the central importance of the "criteria" the Pennsylvania Supreme Court applied—*i.e.*, population equality, contiguity, compactness, and minimizing splitting of political subdivision—and argued that the Pennsylvania Supreme Court had long applied these criteria in congressional redistricting. *See, e.g.*, Pet'rs' Opening Brief at 57-58 (attached as Ex. C); Ex. A.

Proposed Intervenors are likewise well-situated to refute Plaintiffs' alternative theory that the Pennsylvania Supreme Court did not "afford the Pennsylvania Legislature an 'adequate opportunity' to enact a remedial plan." ECF No. 31 at 4. Proposed Intervenors detailed in the state court action how, in

5

late 2011, the General Assembly passed the 2011 Plan in *just eight days*. Ex. C at 6-7; Ex. A at 5-11. And Proposed Intervenors requested in their opening brief to the Pennsylvania Supreme Court that the General Assembly be given just two weeks to develop a remedial plan—a request to which neither the General Assembly, Speaker Turzai, nor Senator Scarnati objected in their opposition briefs—providing critical context for the claim now before this Court. Ex. C at 74. Proposed Intervenors pressed their request for a two-week opportunity at oral argument before the Pennsylvania Supreme Court. At the same oral argument, Speaker Turzai and Senator Scarnati's counsel (who represents Plaintiffs here) told the state high court that they would like "at least three weeks" to pass a new plan. Oral Argument Video at 1:45:53-1:46:13. Proposed Intervenors were also deeply involved in the remedial process following the Pennsylvania Supreme Court's January 22 order, during which neither the General Assembly, Speaker Turzai, nor Senator Scarnati ever requested more time. Contrary to Plaintiffs' claims, the "record" from the state court proceedings is clearly "germane to the legal questions advanced in this action," ECF No. 31 at 8, and Proposed Intervenors have deep knowledge of those proceedings.

What's more, as the prevailing party in state court, Proposed Intervenors have an especially compelling interest in enforcing the many jurisdictional and procedural bars that prevent Plaintiffs from collaterally attacking the state court

judgment in federal court. If allowed to intervene, Proposed Intervenors will demonstrate that this Court must abstain or dismiss this action under:

- *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), because identical issues involving functionally identical parties are pending in parallel state court proceedings (now in the U.S. Supreme Court);

- *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), which precludes federal courts from "interfer[ing] with the execution of state judgments" based on federal constitutional challenges to state court procedures that could have been raised with the state court;

- Issue preclusion, as the Pennsylvania Supreme Court repeatedly rejected the Elections Clause arguments Plaintiffs raise here, Ex. D at 137 n.79; Ex. E;

- The *Rooker/Feldman* doctrine, which bars losing parties in state court from collaterally attacking—or directing their proxies to collaterally attack—the state court's judgment in federal court, *see, e.g.*, *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 91 (2d Cir. 2005).

Proposed Intervenors also will show that Plaintiffs lack Article III standing, *see, e.g.*, *Lance v. Coffman*, 549 U.S. 437 (2007); *Raines v. Byrd*, 521 U.S. 811 (1997), and that Plaintiffs are judicially estopped from arguing that the Pennsylvania Supreme Court lacked power to enter its judgment and remedy, because Speaker Turzai and Senator Scarnati successfully argued the opposite to a different federal court in asking that court to defer to the state proceedings, *see Diamond v. Torres*, No. 5:17-cv-05054-MMB, ECF No. 26-4 (E.D. Pa. 2017).

The named defendants here might not make all these arguments. Intervention is warranted so that Proposed Intervenors may do so as parties to this case.

7

## II. Alternatively, the Court Should Grant Permissive Intervention

If this Court does not grant intervention as of right, Proposed Intervenors are entitled to permissive intervention under Rule 24(b). Plaintiffs do not contend that Proposed Intervenors' involvement will "delay or prejudice" this case, Fed. R. Civ. P. 24(b)(3), and given the factual and legal history of the state court action as described above, there can be little dispute that Proposed Intervenors "will add [something] to the litigation," *Am. Farm Bureau Fed'n v. U.S. EPA*, 278 F.R.D. 98, 111 (M.D. Pa. 2011) (internal quotation marks and citation omitted). If ever there were a case where permissive intervention was warranted, it is here, where Plaintiffs make the unprecedented request to have this federal court effectively overrule not only the state high court on a question of state law, but also the U.S. Supreme Court, which has thus far declined to grant the exact relief Plaintiffs seek. Proposed Intervenors should be afforded the opportunity to defend the judgment and remedy they obtained in the Pennsylvania Supreme Court.

## CONCLUSION

The Court should grant intervention as of right under Rule 24(a), or alternatively permit Proposed Intervenors to intervene under Rule 24(b).

Dated:  February 28, 2018                                Respectfully submitted,

/s/ *Thomas B. Schmidt, III*
Thomas B. Schmidt, III
PEPPER HAMILTON LLP
Telephone: +1 717.255.1164
Facsimile: +1 717.238.0575
Suite 200
100 Market Street
P.O. Box 1181
Harrisburg,  PA  17108

Mary M. McKenzie*
Michael Churchill*
Benjamin D. Geffen*
PUBLIC INTEREST LAW CENTER
1709 Benjamin Franklin Parkway
2nd Floor
Philadelphia, PA 19103
Telephone: +1 215.627.7100
Facsimile: +1 215.627.3183
mmckenzie@pubintlaw.org

David P. Gersch*
John A. Freedman*
R. Stanton Jones*
Elisabeth S. Theodore*
Daniel F. Jacobson*
John Robinson*
John Cella*
Sara Murphy*
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
david.gersch@arnoldporter.com

Andrew D. Bergman*
ARNOLD & PORTER
   KAYE SCHOLER LLP
Suite 4000
700 Louisiana Street
Houston, TX 77002-2755
Telephone: +1 713.576.2400
Fax: +1 713.576.2499
* Motion for admission *pro hac vice*
pending or forthcoming

*Attorneys for Proposed Intervenors*

9

# CERTIFICATE OF SERVICE

I, Thomas B. Schmitt, III, hereby certify that on this date I caused a true and correct copy of Proposed Defendant Intervenors the League of Women Voters of Pennsylvania, Carmen Febo San Miguel, James Solomon, John Greiner, John Capowski, Gretchen Brandt, Thomas Rentschler, Mary Elizabeth Lawn, Lisa Isaacs, Don Lancaster, Jordi Comas, Robert Smith, William Marx, Richard Mantell, Priscilla McNulty, Thomas Ulrich, Robert McKinstry, Mark Lichty, and Lorraine Petrosky's Reply in Support of Motion to Intervene to be served via electronic mail with hard copy to follow upon the following counsel in this matter:

Brian S. Paszamant
Blank Rome LLP
One Logan Square
4th Floor
Philadelphia, PA 19103

Jason A. Snyderman
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Jason Torchinsky
Holtzman Vogel Josefiak Torchinsky PLLC
45 North Hill Drive
Suite 100
Warrenton, VA 20186

Shawn Sheehy
Holtzman Vogel Josefiak Torchinsky PLLC
45 North Hill Drive
Suite 100

1

Warrenton, VA 20186

*Attorneys for Plaintiffs Jacob Corman and Michael Folmer*

Joshua John Voss
Kleinbard LLC
115 State Street
2nd Floor
Harrisburg, PA 17101

Mark E. Seiberling
Kleinbard LLC
1650 Market Street
One Liberty Place, 46th Floor
Philadelphia, PA 19103

Matthew H. Haverstick
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103

Paul G. Gagne
Kleinbard LLC
1650 Market Street
46th Floor
Philadelphia, PA 19103

Shohin H. Vance
Kleinbard LLC
1650 Market Street
One Liberty Square
Floor 46
Philadelphia, PA 19103

*Attorneys for Plaintiffs Lou Barletta, Ryan Costello, Mike Kelly, Tom Marino Scott Perry, Keith Rothfus, Lloyd Smucker, and Glenn Thompson.*

                                                               /s/ *Thomas B. Schmidt, III*
                                                                 Thomas B. Schmidt, III