**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB CORMAN, et al., | : : : | |
| Plaintiffs, | : : | No. 1:18-cv-00443-CCC |
| | : : | (*filed electronically*) |
| v. | : : | |
| | : : | Chief Judge Conner |
| ROBERT TORRES, et al., | : : | Judge Jordan |
| | : | Judge Simandle |
| Defendants. | : : : : | |

**BRIEF OF AMICI CURIAE, BRIAN MCCANN et al.**

Amici Curiae, Brian McCann et al.,[1] ("Amici") by their undersigned counsel, respectfully submit this brief in connection with Plaintiff's Complaint for a preliminary injunction.

It is the General Assembly's duty under Article I, Section 4 of the United States Constitution to draw congressional districts because it is an inherently political task. Because the Pennsylvania Supreme Court's remedial map (attached to its Order dated February 19, 2018) is not the result of a measured political process, it has caused statewide confusion at

---

[1] Brian McCann, Daphne Goggins, Carl Edward Pfeifer, Jr., Michael Baker, Cynthia Ann Robbins, Ginny Steese Richardson, Carol Lynne Ryan, Joel Sears, Kurtes D. Smith, C. Arnold McClure, Karen C. Cahilly, Vicki Lightcap, Wayne Buckwalter, Ann Marshall Pilgreen, Ralph E. Wike, Martin C.D. Morgis, Richard J. Tems, James Taylor, Lisa V. Nancollas, Hugh H. Sides, Mark J. Harris, William P. Eggleston, Jacqueline D. Kulback, Timothy D. Cifelli, Ann M. Dugan, Patricia J. Felix, Scott Uehlinger, Brandon Robert Smith, Glen Beiler, Tegwyn Hughes, Thomas Whitehead, David Moylan, Kathleen Bowman, James R. Means, Jr., Barry O. Christenson, and Bryan Leib.

1

the voter and grass roots level due to last minute boundary changes and changes in Congressional district numbers.

The run-up to the May 15, 2018 Pennsylvania Primary Election has begun.  It includes the statutory season for circulating nominating petitions, followed by the challenges to the nominating petitions, the certification of candidates for the ballots for the Primary Election, and the mailing of absentee ballots as well as military and overseas ballots.  By now, all candidates should know where they are running, and the parties should know where to circulate nominating petitions, meet voters, target written and broadcast campaign communications, and request donations.  Unfortunately, everything that the voters, the candidates, and the political parties thought they knew has been swept away on the eve of the primary by the Pennsylvania Supreme Court's remedial map of February 19, 2018, leaving candidates and the electorate confused about who is running for what congressional district, what congressional district they reside in, and who they can vote for in the primary.

Implementing the Pennsylvania Supreme Court's map at this time degrades what is normally a two year campaign cycle for Congress into a fifty yard dash of less than three months to the Primary.  To add to the public's confusion, however, the Pennsylvania Supreme Court's remedial

map renumbers all of the Districts. Even more troublesome is the fact that the Pennsylvania Supreme Court's remedial map does not show the specific vote tabulation districts in each Congressional District. This is a particular source of confusion for candidates and their active supporters, such as the Amici, because the SURE system was not timely updated by the Pennsylvania Department of State. While the Department of State is supposed to fill that information in, the circulation of nomination petitions has begun, and the voters, candidates, and their nomination petition circulators are at a loss as to the precise vote tabulation districts within each congressional district. The lack of clarity concerning who is included in each district makes circulating the nomination petitions very difficult and will likely lead to numerous challenges that will involve the courts and further reduce the period to campaign. To add to this confusion, under the remedial map, many voters may live in a different district than their current member of Congress. They face an election with candidates with whom they are not familiar.

By way of example, the incumbent Congressman for the 4th Congressional District, Scott Perry has advised Amici's counsel that many of his constituents and many of the candidates are unsure what district they will reside in. With the nominating petition process under way, his

Congressional and campaign offices are being deluged by citizens who are confused and concerned.[2]

According to the Chair of the Monroe County Republican Committee, Amicus Thomas Whitehead, congressional campaigns start as soon as the last campaign for Congress ends. Intervenor Whitehead believes changing the congressional district boundaries will negate much, if not all, of the activities that he has undertaken in connection with the 2018 congressional elections, including recruiting candidates, volunteers, and donors; organizing grassroots activities; creating public political communications in support of congressional candidates; and, allocating campaigning activities and county committee resources amongst other candidates on the ballot.

Local political parties begin recruiting and training volunteers in January to circulate nomination petitions for congressional candidates. The county parties hold events to circulate nomination petitions in February of an election year. As a result of the reconfiguration of all Congressional Districts and the delay in implementation, this opportunity has been lost and creates a serious impediment to a candidate seeking to secure the necessary number of signatures to appear on the Primary Election ballot.

---

[2] Congressman Perry notes that he has raised significant campaign funds from persons who will no longer be in his district. The Pennsylvania Supreme Court's remedial map also disrupts ongoing projects ranging from community development programs (e.g., firefighter grants, library funding, job training and workforce development funds and agricultural initiatives) to assisting constituents on highly detailed and sensitive issues ranging from Social Security, Medicare, Veteran, IRS and other federal programs. These citizens will be impacted severely if they are forced to start over with a new Member of Congress.

4

Changing congressional districts before or after the nomination petition circulation period confuses voters. Amicus Lynne Ryan believes that changing congressional districts during the nomination petition circulation period could cause a higher risk that a voter may sign a nomination petition for the wrong district. She believes that there is not enough time to inform voters of a change in congressional districts before nomination petitions begin circulation. She likens a change in congressional districts to changes in a voter's polling place: it would take time to educate voters of a change in the political and election process, similar to efforts to inform voters when their polling place changes at or near an election.

Changing congressional districts during the nomination petition circulation period could cause a higher risk that voters may sign a nomination petition for the wrong district. A voter may sign a nomination petition for only one candidate per office. Thus, if a voter is moved to a new congressional district and signs a nomination petition for her old district, not only is her signature invalid, but she cannot sign a second petition in her new district either, thereby effectively eliminating her rights. This could increase the number of objections to nomination petitions, thus increasing the burden on the courts and further delaying the identity of candidates for the primary election ballots.

The delayed nomination petition circulation period for Congressional candidates has also directly impacted the special election for the 18th Congressional District. Governor Wolf issued a writ to hold a special election for the vacancy in the current 18th Congressional District on March 13, 2018. The special election will be held a mere fifteen days after petitions begin to circulate for the election for the redrawn 18th Congressional District – now the 14th, 17th and 18th Districts -- in November 2018. Thus, the special election campaign will take place during the circulation of nomination petitions for the primary election, yet at least one of the candidates in the Special Election Rick Saccone, no longer lives in a substantial portion of this district as it has been redrawn by the remedial map. Voters may not support his candidacy in the Special Election knowing he will not be on the ballot in November. Furthermore, voters will be confused because he will run in a different district in the primary in May. This will also create confusion in gathering signatures for his nomination petition for the primary and general election.

For these reasons, this Court may wish to consider the effect of the Pennsylvania Supreme Court's remedial map in deciding whether the Elections Clause permits a state's Supreme Court to substitute its judgment

for that of the state's legislature with respect to redrawing Congressional districts on a claim of partisan gerrymander.

Amici curiae Brian McCann et al. are prepared to support the factual assertions in this brief by way of affidavits and live testimony at the Hearing scheduled for March 9, 2018, if allowed by the Court to do so. Information concerning the separate election calendars for members of Congress, for all offices other than members of congress, and for the special election for the 18th District is provided in Exhibit 2, along with a summary of the statutory requirements for valid nomination petitions.

                                          Respectfully,

                                          /s/ *Lawrence J. Tabas*
                                          Lawrence J. Tabas, Esq.
                                          Rebecca L. Warren, Esq.
                                          Obermayer Rebmann Maxwell
                                          & Hippel LLP
                                          Centre Square West
                                          1500 Market Street, Suite 3400
                                          Philadelphia, PA  19102
                                          Ph: 215-665-3158 (L. Tabas)
                                          lawrence.tabas@obermayer.com
                                          Ph: 215-665-3026 (R. Warren)
                                          rebecca.warren@obermayer.com

Dated: March 1, 2018

# EXHIBIT 1

| Name (District) | Proposed Amici Curiae |
|---|---|
| Brian McCann (CD-01) | Proposed amicus curiae Brian McCann has been a registered Republican for over a decade and remains an active member in the Republican Party, serving as both the Committeeperson for the 65th Ward and the Ward Leader for the 57th Ward of the 1st Congressional District. |
| Daphne Goggins (CD-02) | Proposed amicus curiae Daphne Goggins resides in Philadelphia County in the 2nd Congressional District. Since turning 18, Ms. Goggins has been a registered Republican and remains an active member in the Party, serving as the Ward Leader for the 16th Ward of the 2nd Congressional District. |
| Michael Baker (CD- 03) | Proposed amicus curiae Michael Baker is a registered Republican voter who resides in the 3rd Congressional District in Armstrong County. Mr. Baker serves as the Chairman for the Republican Party of Pennsylvania's Southwest Caucus. Mr. Baker, along with his fellow Caucus Chairmen, has invested significant time and resources developing relationships with congressmen in his district. A sudden redrawing of the Congressional Districts would nullify the past work of Mr. Baker and his colleagues. Furthermore, such rash action would undermine their current and future work in preparing for the rapidly approaching midterm elections. |
| Cynthia Ann Robbins (CD-03) | Proposed amicus curiae Cynthia Ann Robbins is a registered Republican who resides in the 3rd Congressional District in Mercer County. Ms. Robbins serves as the State Committeewoman for the Mercer County Republican Party. |
| Ginny Steese Richardson (CD-3) | Proposed amicus curiae Ginny Steese Richardson is a registered Republican voter who resides in the 3rd Congressional District in Mercer County. After 24 years of service, Ms. Richardson recently announced her retirement as the Treasurer of Mercer County. Ms. Richardson also serves as the Republican Party chairman for Mercer County and secretary of the Mercer County Grange Fair. |

| | |
|---|---|
| Lynne Ryan (CD-3) | Proposed amicus curiae Lynne Ryan is a registered Republican voter who resides in the 3rd Congressional District in Lawrence County. Ms. Ryan serves as the State Committeewoman for the Lawrence County Republican Party. |
| Joel Sears (CD-04) | Proposed amicus curiae Joel Sears is a registered Republican voter who resides in the 4th Congressional District in York County. Mr. Sears is a former School Director in the York Suburban School District. Mr. Sears remains active in local politics. |
| Kurtes D. Smith (CD-05) | Proposed amicus curiae Kurtes D. Smith is a registered Republican voter who resides in the 5th Congressional District in Clinton County. Mr. Smith serves as the County Chairman for the Republican Party of Clinton County. |
| C. Arnold McClure (CD-05) | Proposed amicus curiae C. Arnold McClure is a registered Republican voter who resides in the 5th Congressional District in Huntingdon County. Mr. McClure serves as the County Chairman for the Republican Party of Huntingdon County. |
| Karen C. Cahilly (CD-05) | Proposed amicus curiae Karen C. Cahilly is a registered Republican voter who resides in the 5th Congressional District in Potter County. Ms. Cahilly serves as the County Chairwoman for the Republican Party of Potter County. |
| Vicki J. Lightcap (CD-06) | Proposed amicus curiae Vicki Lightcap serves as the Mayor of Pennsburg, Pennsylvania. Ms. Lightcap, a registered Republican, resides in the 6th Congressional district. |
| Ann Marshall Pilgreen (CD-07) | Proposed amicus curiae Ann Marshall Pilgreen is a registered Republican voter who resides in the 7th Congressional District in Montgomery County. Ms. Pilgreen remains active in local politics. |
| Martin C.D. Morgis (CD-08) | Proposed amicus curiae Martin C.D. Morgis is a registered Republican voter who resides in the 8th Congressional District in Bucks County. |
| Richard J. Tems (CD-08) | Proposed amicus curiae Richard J. Tems is a registered Republican voter who resides in the 8th Congressional District in Bucks County. |

| | |
|---|---|
| James Taylor (CD-09) | Proposed amicus curiae James Taylor is a registered Republican voter who resides in the 9th Congressional District in Franklin County. Mr. Taylor previously served as Chairman for the Republican Party of Franklin Party. |
| Lisa V. Nancollas (CD 10) | Proposed amicus curiae Lisa V. Nancollas is a registered Republican voter who resides in the 10th Congressional District in Mifflin County. |
| Carl Edward Pfeifer, Jr. (CD 2) | Proposed amicus curiae Carl Edward Pfeifer, Jr. is a registered Republican voter residing in the 2nd Congressional District in Montgomery County, and an active member of the Republican Party. |
| Hugh H. Sides (CD 10) | Proposed amicus curiae Hugh H. Sides is a registered Republican voter who resides in the 10th Congressional District in Lycoming County. |
| Mark J. Harris (CD 10) | Proposed amicus curiae Mark J. Harris is a registered Republican voter who resides in the 10th Congressional District in Snyder County. Mr. Harris is a former chairman of the Snyder County Republican Party. Mr. Harris remains active in local politics. |
| Wayne Buckwalter (CD 6) | Proposed amicus curiae Wayne Buckwalter is a registered Republican voter residing in the 6th Congressional District in Chester County, and an active member of the Republican Party |
| William P. Eggleston (CD-11) | Proposed amicus curiae William P. Eggleston is a registered Republican voter who resides in the 11th Congressional District in Wyoming County. Mr. Eggleston served as the Wyoming County Auditor. |
| Ralph E. Wike (CD 7) | Proposed amicus curiae Ralph E. Wike is a registered Republican voter residing in the 7th Congressional District in Delaware County, and an active member of the Republican Party. |
| Timothy D. Ciffeli (CD-13) | Proposed amicus curiae Timothy D. Cifelli serves as the President and COO of DDCworks, a public relations firm. Mr. Cifelli, a registered Republican, resides in Philadelphia County in the 13th Congressional District. |
| Ann M. Dugan (CD-14) | Proposed amicus curiae Ann Dugan is the founder of |

| | |
|---|---|
| | the Institute for Entrepreneurial Excellence University of Pittsburgh. Ms. Dugan, a registered Republican, resides in Allegheny County in the 14th Congressional District. |
| Patricia J. Felix (CD-15) | Proposed amicus curiae Patricia J. Felix resides in Northampton County in the 15th Congressional District. Prior to her retirement in 2003, Ms. Felix worked as a Senior Sourcing Specialist for Bethlehem Steel Corporation. Initially a registered Democrat, Ms. Felix has been a registered Republican since 1980 and remains an active member in the Party. |
| Scott Uehlinger (CD-15) | Proposed amicus curiae Scott Uehlinger is a registered Republican voter who resides in the 15th Congressional District in Berks County. Mr. Uehlinger, a US Service Academy graduate, served ten years in both the US Navy and merchant service before beginning a career in the Central Intelligence Agency (CIA). |
| Tegwyn Hughes (CD-17) | Proposed amicus curiae Tegwyn Hughes is a registered Republican voter who resides in the 17th Congressional District in Northampton County. Mr. Hughes serves as a Member of the Republican County Committee for Washington Township. |
| James R. Means, Jr. (CD18) | Proposed amicus curiae James R. Means, Jr. is a registered Republican voter who resides in the 18th Congressional District in Allegheny County. |
| Barry O. Christenson (CD18) | Proposed amicus curiae Barry O. Christenson is a registered Republican voter who resides in the 18th Congressional District in Allegheny County. Mr. Christenson serves as a School Director for the Bethel Park School District. |
| Jacqueline D. Kulback (CD 12) | Proposed amicus curiae Jacqueline D. Kulback is a registered Republican voter residing in the 12th Congressional District in Cambria County, and currently serves as the County Chairwoman for the Cambria County Republican Party. |
| Brandon Robert Smith (CD 16) | Proposed amicus curiae Brandon Robert Smith is a registered Republican voter residing in the 16th Congressional District in Lancaster County, and an active member of the Republican Party. |

| | |
|---|---|
| Glen Beiler (CD 16) | Proposed amicus curiae Glen Beiler is a registered Republican voter residing in the 16th Congressional District in Lancaster County, and an active member of the Republican Party. |
| Thomas Whitehead (CD 17) | Proposed amicus curiae Thomas Whitehead is a registered Republican voter residing in the 17th Congressional District in Carbon County, the County Chairman for the Republican Party of Monroe County, and an active member of the Republican Party. |
| David Moylan (CD 17) | Proposed amicus curiae David Moylan is a registered Republican voter residing in the 17th Congressional District in Schuylkill County, who was a former Congressional candidate for the 17th Congressional District and he is a potential Congressional candidate in future elections. |
| Kathleen Bowman (CD 4) | Proposed amicus curiae Kathleen Bowman is a registered Republican voter residing in the 4th Congressional District, and an active member of the Republican Party. |
| Bryan Leib (CD 1) | Proposed amicus curiae Bryan Leib is a registered Republican residing in the 1st Congressional District, an active member of the Republican Party, and a potential candidate for the 1st Congressional District. |

# EXHIBIT 2

Pennsylvania's primary election is scheduled for May 15, 2018.

To be placed on the primary election ballot, a candidate for the United States House of Representatives must file a nominating petition containing at least 1,000 valid of electors residing in the district he desires to represent. 25 P.S. §2872.1(12)

For all elective offices other than Congress, the schedule for filing nomination petitions, for gathering signatures, and for mailing absentee ballots to military personnel is:

> Nomination petitions must be filed on or before the tenth Tuesday before the primary election. 25 P.S. §2873(d). This year, the tenth Tuesday falls on March 6, 2018. The time allowed for gathering signatures is February 13 to March 6, or three weeks. 25 P.S. §2868.
>
> The last day for objections to nominating petitions is the seventh day after the last day for filing. 25 P.S. §2937. This year, the seventh day falls on March 13, 2018.
>
> Absentee ballots are to be mailed to military personnel not less than fifty days before the primary election and to non-military personnel not less than 45 days before the primary. 25 P.S. §3146.5(a). This year, the fiftieth day falls on March 26, 2018, and the forty-fifth day falls on Saturday March 31 and rolls over to Monday April 2.

For Congressional candidates only, the court-ordered schedule is:

> Nomination petitions must be filed on or before March 20. The time allowed for gathering signatures is February 27 to March 20, or three weeks – but a different three week period than for all other offices. As a result, the opportunity for congressional candidates to participate in normal petition signing events where electors can sign petitions for every primary candidate is severely curtailed if not eliminated.
>
> The last day for objections to nominating petitions is March 27.
>
> Absentee ballots for Congressional candidates are to be mailed to military personnel and others by March 30.

A third calendar applies to the special election to replace Congressman Tim Murphy in the 18th District until January 20, 2018. The special election is scheduled for March 13, 2018. Nomination papers had to be filed on or before January 22, 2018, and objections had to be filed on or before January 25, 2018. The current boundaries of this district have been redrawn under the remedial map ordered by the Pennsylvania Supreme Court, and the redrawn 18th District does not overlap the current 18th District.

The requirements for nomination petition signatures are:

> Signers must be qualified electors and duly enrolled members of the party on behalf of which the candidate is running. 25 P.S. §§2867, 2868.
>
> He or she must be a qualified elector of the political district identified on the nominating petition. 25 P.S. §2868.
>
> He or she must provide his or her place of residence, "giving city, borough or township with street and number, if any." 25 P.S. §2868.
>
> He or she must provide the date of signing, which must be no earlier than the thirteenth Tuesday before the primary and no later than the tenth Tuesday before the primary. 25 P.S. §2868.
>
> Each page of the nomination petition must carry the circulator's affidavit stating:
> (a) that he or she is a qualified elector duly registered and enrolled as a member of the designated party of the State, or of the political district, as the case may be, referred to in said petition, unless said petition relates to the nomination of a candidate for a court of common pleas, for the Philadelphia Municipal Court or for the Traffic Court of Philadelphia or for justice of the peace, in which event the circulator need not be a duly registered and enrolled member of the designated party;
> (b) his residence, giving city, borough or township, with street and number, if any;
> (c) that the signers thereto signed with full knowledge of the contents of the petition;
> (d) that their respective residences are correctly stated therein;
> (e) that they all reside in the county named in the affidavit;
> (f) that each signed on the date set opposite his name; and
> (g) that, to the best of affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled members of the designated party of the State, or of the political district, as the case may be.

The qualification of electors is governed by 25 P.S. §§2811-2812.

The residence of electors is governed by 25 P.S. §§2813-2814.

An elector of the candidate's party and the party itself may object to a candidate's nomination petition. A person registered in a party other than that of the candidate cannot vote in the candidate's primary election, 25 P.S. §2832, and lacks standing to object to the candidate's nomination petition.

Signatures on a nomination petition can be challenged for lack of authenticity, for lack qualification to vote, for incorrect or inauthentic accompanying information, or for residence outside the political district identified on the nomination petition.

A nominating petition can be challenged for failure to file a circulator's affidavit, for the circulator's failure to sign the affidavit before a notary, or for lack of knowledge that the individual signers signed with full knowledge of the contents of