## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB CORMAN, et al., | : | No.  1:18-CV-00443-CCC-KAJ-JBS |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT TORRES, et al., | : | |
| | : | |
| Defendants. | : | |

## BRIEF OF AMICUS CURIAE, THE REPUBLICAN CAUCUS OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Amicus Curiae, the Republican Caucus of the Pennsylvania House of Representatives (Caucus), requests that this Court grant the Plaintiffs' motion for preliminary injunction.

This action involves fundamental questions of constitutional and legislative authority concerning the crafting of a Congressional districting plan. The interest of the Caucus in this case arises from the role of the General Assembly as:

(1) the "Legislature" authorized to prescribe the "Times, Places and Manner of holding Elections for Senators and Representatives" under the Elections Clause of the United States Constitution;

(2) the body vested with the legislative authority of the Commonwealth under the Pennsylvania Constitution; and

(3) the conduit through which the People of Pennsylvania amend the

Pennsylvania Constitution.

Because this authority has been reposed in the Pennsylvania General Assembly under both the United States and Pennsylvania Constitutions, the Caucus has a significant interest in ensuring that information related to its role is considered in this Court's analysis.

## SUMMARY OF ARGUMENT

This case arises from the Pennsylvania Supreme Court's usurpation of the Pennsylvania General Assembly's legislative authority to draw its congressional district lines through the Court's preordained invalidation of the lawful districts the General Assembly enacted in 2011 (the "2011 Plan"). The Pennsylvania Supreme Court arrogated unto itself the authority to draw Pennsylvania's new congressional districts—a task delegated to the "Legislature"—in violation of the Elections Clause. U.S. Const. art. I, § 4. In addition, the Court promulgated mandatory criteria that are found nowhere in the Pennsylvania Constitution. Unless this Court intervenes to enforce the distinction within the state between the judiciary and "the Legislature thereof" (a phrase which includes the People of Pennsylvania), the Elections Clause will be rendered meaningless and the violence done to the Pennsylvania Constitution will be profound and irreversible.

2

## ARGUMENT

## The Pennsylvania Supreme Court Violated the Elections Clause

The U.S. Constitution vests the authority to enact Congressional districts with the state legislatures and in Congress. *See* U.S. Const. art. I, § 4; *Lance v. Coffman*, 549 U.S. 437, 437 (2007) ("The Elections Clause of the United States Constitution provides that the 'Manner of holding Elections for Senators and Representatives, shall be prescribed in each State *by the Legislature thereof.*'" *Emphasis in original*); *Cf. Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2685 (U.S. 2015) (Roberts, C.J., dissenting) ("[W]here there is a conflict of authority between the constitution and legislature of a State in regard to fixing place of elections, *the power of the legislature is paramount.*" *Emphasis added, quotations/citations omitted*). Included within this broad grant of authority is the power to establish the criteria by which the legislature draws Congressional districts. *See Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 217 (1986); *Smiley v. Holm*, 285 U.S. 355, 366 (1932).

In Pennsylvania, as elsewhere, this legislative power includes the People's ability to exercise the legislative power through the process of constitutional amendment. Pa. Const. art. XI, § 1; *Cf. Arizona State Legislature*, 135 S.Ct. at

2660 n.3 (emphasizing "the people's sovereign right to incorporate themselves into a State's lawmaking apparatus").

Pennsylvania Supreme Court Chief Justice Saylor, in his January 22, 2018, dissenting statement, summarized this basic precept when he said, "The crafting of congressional district boundaries is quintessentially a political endeavor assigned to state legislatures by the United States Constitution." *League of Women Voters of Pennsylvania v. Commonwealth*, 175 A.3d 282, 286 (Pa. 2018) (Saylor, C.J., dissenting). The Chief Justice understood that "[r]edistricting involves lawmaking in its essential features and most important aspect." *Arizona State Legislature*, 135 S. Ct. at 2667 (2015) (*citation/quotation marks omitted*).

Yet, in its bare bones order on January 22, 2018, the majority of the Pennsylvania Supreme Court manufactured new Congressional redistricting criteria (i.e. that districts be "composed of compact and contiguous territory" and that they "do not divide any county, city, incorporate town, borough, township, or ward, except when necessary to ensure equality of population"). *League of Women Voters*, 175 A.3d at 284. Then, 16 days later (a mere two days before the Court's arbitrary deadline to "submit" a map to the Governor), the majority's subsequent opinion appended its criteria to include a myriad of additional standards, including a caution that there may come a time when "mapmakers" can comply with the neutral criteria and still "operate to unfairly dilute the power of a particular group's

vote." *League of Women Voters of Pennsylvania v. Commonwealth*, No. 159 MM 2017, slip. op. at 124, 2018 WL 750872, at *48 (Pa. Feb. 7, 2018). Effectively, the Court has articulated a series of non-standards which may ultimately fall to raw judicial will.

The Pennsylvania Supreme Court's majority, in their effort to graft new Congressional redistricting criteria to the Pennsylvania Constitution's Elections Clause, have "clearly, plainly and palpably" appropriated the authority that resides both with a co-equal branch of government, and ultimately with the People of Pennsylvania, in violation of Article I, Section 4 of the U.S. Constitution. For these reasons, as well as those reasons articulated by Plaintiffs, the actions of the majority of the state Court should not be countenanced.

## The Pennsylvania Constitution Can Only Be Amended by the People of Pennsylvania

The Pennsylvania Constitution expresses the will of the People of Pennsylvania, and only the People can alter its content. In *The Rights of Man*, Thomas Paine explained the constitution as the People's foundational document that delineates a government's authority and limitations. He wrote as follows:

> A Constitution is a thing *antecedent* to a Government, and a Government is only the creature of a Constitution. The Constitution of a country is not the act of its Government, but of the people constituting a Government. … A Constitution, therefore, is to a Government what the laws made afterwards by that Government are

> to a Court of Judicature. The Court of Judicature does not make the
> laws, neither can it alter them; it only acts in conformity to the laws
> made: and the Government is in like manner governed by the
> Constitution.

Thomas Paine, *The Rights of Man* (1791) 48 (E. P. Dutton & Co., Inc. 1951)

(*italics in original*). Given this description as a compact by which the People grant

limited authority to a government, Paine asserted that "[a] Government on the

principles on which constitutional Governments arising out of society are

established, cannot have the right of altering itself. If it had, it would be arbitrary.

It might make itself what it pleased; and wherever such a right is set up, it shows

there is no Constitution." *Id*. at 49-50.

The Pennsylvania Constitution has been amended numerous times. "All

amendments since 1790, whether proposed by a convention or by the legislature,

were submitted to the electorate and approved by a majority of those voting on

them before they became effective." Robert E. Woodside, *Pennsylvania*

*Constitutional Law* 9 (Murrelle Printing Company, Inc. 1985). Article XI, Section

1 of the Pennsylvania Constitution currently requires, after passage by two General

Assemblies and publication following each passage, a "proposed amendment or

amendments shall be submitted to the qualified electors of the State … and … if

approved by a majority of those voting thereon, such amendment or amendments

shall become part of the Constitution." Pa. Const. art. XI, § 1.

Article II, Section 16 of the Pennsylvania Constitution provides, in relevant part, that in the districting of senatorial and legislative seats in the Pennsylvania General Assembly, "[u]nless absolutely necessary no county, city, incorporated town, borough, township or ward shall be divided." Pa. Const. art. II, § 16. Article II, Section 17 of the Pennsylvania Constitution establishes a Legislative Reapportionment Commission and outlines the process by which senatorial and legislative, as opposed to Congressional, districting plans are adopted. A product of the 1967-1968 Pennsylvania Constitutional Convention, these two provisions of the Pennsylvania Constitution govern redistricting of state legislative seats in the Pennsylvania General Assembly.

In marked contrast, no provision of the Pennsylvania Constitution establishes express parameters for Congressional districting. It was not a focus of the 1967-1968 Constitutional Convention and has not subsequently been addressed via the amendment process contained in Article XI, Section 1 of the Pennsylvania Constitution. In fact, the Pennsylvania Supreme Court has previously recognized that, in the "context of Congressional reapportionment," there are "*no analogous, direct textual references to such neutral apportionment criteria*." *Erfer v. Commonwealth*, 794 A.2d 325, 334 n.4 (Pa. 2002) (*emphasis added*), *abrogated by*, *League of Women Voters of Pennsylvania v. Commonwealth*, No. 159 MM 2017, 2018 WL 750872 (Pa. Feb. 7, 2018). Now, however, the Pennsylvania

7

Supreme Court has invented them out of whole cloth, despite its admission that no "provision of our Constitution[] articulates explicit standards which are to be used in the creation of congressional districts." *League of Women Voters of Pennsylvania*, No. 159 MM 2017, slip. op. at 119, 2018 WL 750872, at *46.

It is not normally the province of federal courts to review actions by a state court which effectively amend the state's constitution. However, the question of what constitutes a "legislative function" under the Elections Clause is a question of federal, not state, law. In such instances, federal courts have the final say. *See Arizona State Legislature*, 135 S. Ct. at 2668; *Cf. Bush v. Palm Beach Cty. Canvassing Bd.*, 531 U.S. 70, 76 (2000). In "a few exceptional cases in which the Constitution imposes a duty or confers a power on a particular branch of a State's government" the "text of the election law itself, and not just its interpretation by the courts of the States, takes on independent significance," thereby requiring this Court to make its own review of the recent actions by the Pennsylvania Supreme Court. *Bush v. Gore*, 531 U.S. 98, 112-13 (2000) (Rehnquist, C.J., concurring).

There is a constitutionally-endorsed means to apply new substantive and procedural requirements to the process of Congressional districting. For example, House Bill 1835, Printer's Number 3036 of the 2015 Session of the General

Assembly would have amended Article II, Section 16 of the Pennsylvania

Constitution to add the following:

> (b) Congressional districts shall each have a population as close to the applicable ideal district population as possible. To the extent consistent with equality of population, congressional districts shall be composed of compact and contiguous territory and, unless absolutely necessary, no county, city, incorporated town, borough, township or ward shall be divided in forming congressional districts. Congressional districts shall respect, where practicable, communities of interest.
>
> (c) A legislative and congressional redistricting plan shall not, as a whole, favor a specific person, political party or political body.

This Joint Resolution, however, was never adopted by the General Assembly.[1]

By strictly adhering to Article XI, Section 1 for any amendment of the

Pennsylvania Constitution related to Congressional districting, the People will be

ensured of their right to determine the content of their foundational document.

This would harmonize districting standards with the Elections Clause and avoids

the type of constitutional crisis currently at issue.

---

[1] House Bill 1835, Printer's Number 3036 would also have amended Article II, Section 17 to establish a new process for both Congressional and Legislative districting. House Bill 722, Printer's Number 1671, introduced in the current session of the General Assembly and referred to the House State Government Committee, proposes amendments to Article II, Section 17 of the Pennsylvania Constitution similar to those found in House Bill 1835.

For all of the foregoing reasons, Amicus Curiae, the Republican Caucus of the Pennsylvania House of Representatives, request that this Court grant the Plaintiffs' motion for preliminary injunction.

Respectfully,

/s/ *Rodney A. Corey*
Rodney A. Corey, Esq. (69742)
James G. Mann, Esq. (85810)
Thomas W. Dymek, Esq. (86248)
Office of Chief Counsel
Republican Caucus
Pennsylvania House of Representatives
Suite B-6, Main Capitol Building
Harrisburg, PA 17120
Phone: (717) 783-1510
Email:  rcorey@pahousegop.com
Email:  jmann@pahousegop.com
Email:  tdymek@pahousegop.com

Dated: March 2, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief was electronically filed with the Clerk of Court on March 2, 2018, using CM/ECF, which will send notification of such filing to counsel of record.

I hereby certify that a true and correct copy of the foregoing Brief will be served by first-class mail, postage prepaid, on March 2, 2018, to the following:

R. Stanton Jones
Arnold & Porter Kaye Scholer
601 Massachusetts Ave., NW
Washington, DC 20001

Shohin H. Vance
Kleinbard LLC
1650 Market Street
One Liberty Square
Floor 46
Philadelphia, PA 19103

/s/ *Rodney A. Corey*
Rodney A. Corey, Esq. (69742)
James G. Mann, Esq. (85810)
Thomas W. Dymek, Esq. (86248)
Office of Chief Counsel
Republican Caucus
Pennsylvania House of Representatives
Suite B-6, Main Capitol Building
Harrisburg, PA 17120
Phone: (717) 783-1510
Email: rcorey@pahousegop.com
Email: jmann@pahousegop.com
Email: tdymek@pahousegop.com

Dated: March 2, 2018